[No. B036645. Second Dist., Div. Three. May 2, 1989.]

JASON AUSTIN, Plaintiff and Respondent, v.
BOARD OF RETIREMENT OF THE LOS ANGELES COUNTY
EMPLOYEES' RETIREMENT ASSOCIATION, Defendant and
Appellant.

**COUNSEL**

De Witt W. Clinton, County Counsel, and Bruce M. Hale, Deputy County Counsel, for Defendant and Appellant.

Lewis, Marenstein & Kadar and Thomas J. Wicke for Plaintiff and Respondent.

**OPINION**

**DANIELSON, Acting P. J.**—The Board of Retirement of the County of Los Angeles Employees' Retirement Association (Board) appeals from the judgment granting a writ of mandate compelling the Board to award service-connected disability retirement benefits (retirement benefits) to Jason L. Austin. (Code Civ. Proc., § 1094.5) The sole issue presented on appeal is whether Austin is entitled to interest on the award of retroactive retirement benefits from the date he became entitled thereto to the date upon which he was granted such benefits. We determine Austin was entitled to the award of interest, and affirm the judgment.

## FACTS

Austin, a 36-year-old Los Angeles County deputy sheriff with 12 years of service, applied for retirement benefits on June 11, 1985, alleging a low back injury suffered while lifting a wooden cabinet at the Los Angeles County jail, and allergies, resulting in permanent disability. (Gov. Code, § 31720 et seq.) His application was denied by the Board, and he pursued an administrative appeal. Following an evidentiary hearing conducted before a referee on October 21, 1986, the referee recommended that the Board deny Austin retirement benefits on the ground that he was not disabled. On April 29, 1987, the Board adopted the referee's findings and reaffirmed its previous decision finding that Austin was not disabled.

Austin filed a petition for writ of mandate in the superior court, challenging the Board's decision. On April 18, 1988, judgment was entered granting the petition; on April 21, 1988, the writ issued as ordered, commanding the Board to set aside its decision denying Austin retirement benefits, grant him such benefits retroactive to his last day of service with interest at the legal rate assessed on the amount of the pension that was retroactive, and pay his attorney fees in the amount of $2,500.

The Board complied with the writ insofar as it was directed to grant Austin retirement benefits and pay his attorney fees; the appeal from the judgment is directed to that portion awarding Austin interest on the award of retroactive benefits.

## CONTENTIONS

The Board contends Austin is not entitled to prejudgment interest on retirement benefits retroactive to his last day of service, as the Legislature did not provide in the Retirement Act of 1937 for interest during the administrative process, and the Board was prevented by law from awarding retirement benefits prior to its decision following the referee's hearing.

## DISCUSSION

The question whether Austin is entitled to interest from his last day of service on the retroactive portion of his award of retirement benefits is one of law, concerning which we exercise our independent judgment. (*Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630].)

Pertinent to our discussion is subdivision (a) of Civil Code section 3287: "Every person who is entitled to recover damages certain, or capable of

being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

■ "Amounts recoverable as wrongfully withheld payments of salary or pensions are damages within the meaning of these provisions. [Citations.] Interest is recoverable on each salary or pension payment from the date it fell due. [Citation.]" (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 402 [197 Cal.Rptr. 843, 673 P.2d 720].)

■ The Board argues that had the Legislature intended to provide for the recovery of interest on disability pension payments due an applicant prior to the date upon which the Board denied such benefits, i.e., prior to completion of the administrative process, it would have so provided in the statutes establishing a comprehensive scheme for the determination and payment of disability retirement benefits. (Gov. Code, § 31720 et seq.) Such a provision would be redundant, as the Legislature provided elsewhere, and generally, in Civil Code section 3287 (*ante*), for the recovery of interest from a debtor, including "any county," on an award of damages certain, or capable of being made certain, the right to recover which is vested in the claimant on a particular day.

■ As the court stated in *Tripp* v. *Swoap* (1976) 17 Cal.3d 671 [131 Cal.Rptr. 789, 552 P.2d 749], with regard to the statutes relating to benefits under the former aid to the needy disabled program (former Welf. & Inst. Code, §§ 13500-13801), "Where as here two codes are to be construed, they 'must be regarded as blending into each other and forming a single statute.' [Citation.] Accordingly, they 'must be read together and so construed as to give effect, when possible, to all the provisions thereof.' [Citation.]" (17 Cal.3d at p. 679.) In *Tripp,* former Welfare & Institutions Code section 10962 permitted an applicant or recipient of welfare benefits to seek judicial review of an adverse determination by the Director of the State Department of Social Welfare, and to do so without paying a filing fee. The section also authorized recovery of attorney's fees and costs by a successful recipient. The court stated, at page 679: "Appellate courts have construed section 10962 in part as having as its purpose to ensure that aggrieved recipients have access to the judicial system to establish their statutory rights. [Citations.]" The *Tripp* court explained that the Legislature's inclusion of the provisions concerning filing fees, attorney's fees, and costs "supports the

view that the purpose of section 10962 is to ensure access to judicial review, rather than to define the extent of a recipient's recovery. Interest, on the other hand, relates to the extent of recovery inasmuch as it constitutes an element of damages. Under this construction the fact that the Legislature did not mention interest specifically does not mean that a successful recipient is precluded from receiving it." (*Tripp* v. *Swoap, supra,* 17 Cal.3d at pp. 680-681, fn. omitted.) The court went on to hold that interest was recoverable pursuant to subdivision (a) of Civil Code section 3287.

■ Similarly, in the present case, there is nothing in the statutory scheme governing disability pension benefits suggesting a legislative intent to preclude recovery of interest on damages awarded as prejudgment benefits from the date such benefits became due.

The Board argues the Legislature provided a remedy in lieu of interest for delays in the administrative process by enacting Government Code section 31725.7, which provides: "If a final determination is not made upon an application for disability retirement within 90 days after it is filed with the Board, the member may, *if eligible,* apply for, and the Board in its discretion may grant, a service retirement allowance pending the determination of his entitlement to disability retirement." (Italics added.) The argument is meritless. Many, many persons may be eligible for disability retirement benefits without also having reached the age and/or years of service requisite to eligibility for service retirement benefits. In the present case Austin, at age 36 with 12 years of service, would not become eligible for service retirement benefits for several years. (Gov. Code, §§ 31662.2, 31676.1, 31664.) Government Code section 31725.7 does not reflect an intent on the part of the Legislature to provide a remedy in lieu of that provided by Civil Code section 3287, subdivision (a).

Finally, the Board contends *Tripp* does not apply, as the Board was prevented by law from awarding benefits until the administrative appeal process was completed. Interestingly, in *Mass* v. *Board of Education* (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579], the board of education employed a similar argument based on another aspect of Civil Code section 3287, subdivision (a), claiming interest accrued only from the date when the board bore the legal duty to reinstate a suspended teacher because until that time the " 'right to recover' did not 'vest' in him (Civ. Code, § 3287) and until then he was legally suspended." (*Id.,* at p. 625.) The court stated: "The Civil Code requires vesting, however, only in order to fix with sufficient certainty the time when the obligation accrues so that interest should not be awarded on an amount before it is due. Each salary payment in the instant case accrued on a date certain. Unless the suspension itself can be sustained

and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued. If plaintiff had not been wrongfully suspended, he would have obtained the benefits of the moneys paid as of those dates; he has thus lost the natural growth and productivity of the withheld salary in the form of interest." (*Ibid.*)

The Board's argument in the present case, logically concluded, would preclude awards of interest pursuant to Civil Code section 3287 in all cases wherein governmental entities denied persons benefits to which they were entitled, contrary to the specific language of the section providing that it is "applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state." If Austin had not been wrongfully denied disability retirement benefits, he would have obtained the benefits of the moneys paid as of the date of accrual of each payment. As the court stated in *Tripp*: "The same public policy that favors the award of retroactive benefits, would appear to favor the award of prejudgment interest on such benefits." (*Tripp* v. *Swoap, supra,* 17 Cal.3d 671, 683.)[1]

■ Austin requests that we remand the matter to the superior court to determine whether he is entitled to an award of attorney fees pursuant to Code of Civil Procedure section 1021.5.[2] The Board does not address the issue.

Section 1021.5 "authorizes a court to compel the losing party to pay attorney fees to a prevailing party when all four of the following criteria are met. First, it must be an 'action which has resulted in the enforcement of an important right affecting the public interest . . . .' Secondly, 'a significant benefit, whether pecuniary or non-pecuniary,' must have 'been conferred on the general public or a large class of persons, . . .' Thirdly, 'the necessity and financial burden of private enforcement' must be 'such as to make the

---

[1] The Board points to a footnote in *Tripp* wherein the court stated it was not deciding whether welfare recipients who were successful after an administrative appeal, rather than after judicial review, were entitled to interest on retroactive awards. (*Tripp* v. *Swoap, supra,* 17 Cal.3d 671, 685, fn. 14.) We are unable to perceive the relevance of this note to the case before us, which involves prejudgment interest to which Austin is clearly entitled under Civil Code section 3287 and the decision in *Tripp*.

[2] The award of attorney fees made by the trial court was authorized by Government Code section 31536: "If a superior court reverses the denial by the board of an application for a retirement allowance . . . , the superior court in its discretion may award reasonable attorney's fees as costs to the member . . . who successfully appealed the denial of such application. Such costs shall be assessed against the board, shall be considered a cost of administration, and shall in no event become a personal liability of any member of the board."

award appropriate, . . .' and fourthly, 'such fees should not in the interest of justice be paid out of the recovery, if any.' (Code Civ. Proc., § 1021.5.)" (*Los Angeles Police Protective League* v. *City of Los Angeles* (1986) 188 Cal.App.3d 1, 6 [232 Cal.Rptr. 697].)

■ Generally, "[t]he decision as to whether an award of attorney fees is warranted under section 1021.5 rests initially with the trial court. [Citations.]" (*Los Angeles Police Protective League* v. *City of Los Angeles* (1985) 163 Cal.App.3d 1141, 1149 [209 Cal.Rptr. 890].) This is so "because at least some of the criteria outlined in section 1021.5 entail factual determinations an appellate court is in no position to undertake." (*Los Angeles Police Protective League* v. *City of Los Angeles, supra,* 188 Cal.App.3d 1, 7.)

■ However, in the present case, where the only question is whether Austin is entitled to his attorney fees on appeal pursuant to section 1021.5, we hold that as a matter of law he cannot meet the third criterion for such an award. ■ "The private attorney general theory recognizes citizens frequently have common interests of significant societal importance, but which do not involve any individual's financial interests to the extent necessary to encourage private litigation to enforce the right. [Citation.] To encourage such suits, attorneys fees are awarded when a significant public benefit is conferred through litigation pursued by one whose personal stake is insufficient to otherwise encourage the action. [Citation.] Section 1021.5 was not designed as a method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest. [Citations.]" (*Beach Colony II* v. *California Coastal Com.* (1985) 166 Cal.App.3d 106, 114 [212 Cal.Rptr. 485].)

■ Here, Austin sought by his action to enforce his individual right to interest on an award of retroactive retirement benefits. The statutory scheme governing retirement allowances provides for an award of reasonable attorney fees upon a successful appeal to the superior court from the Board's denial of an application for benefits (Gov. Code, § 31536, *ante,* fn. 2), and Austin was awarded fees in the amount $2,500. His motive in defending the appeal was his economic self-interest. (Cf. *Baggett* v. *Gates* (1982) 32 Cal.3d 128, 143 [185 Cal.Rptr. 232, 649 P.2d 874].) "Section 1021.5's policy of encouraging public interest lawsuits is not promoted by awarding fees to persons having strong personal economic interests in litigating matters. [Citation.]" (*Beach Colony II* v. *California Coastal Com., supra,* 166 Cal.App.3d at p. 115.)

## DECISION

The judgment is affirmed.

Arabian, J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 13, 1989.