[No. D010304. Fourth Dist., Div. One. Aug. 28, 1990.]

JOSE AGUILAR et al., Plaintiffs and Respondents, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD, Defendant
and Respondent;
EMPLOYMENT DEVELOPMENT DEPARTMENT, Real Party in
Interest and Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, Charlton G. Holland, Assistant Attorney General, Anne S. Pressman and John Venegas, Deputy Attorneys General, for Real Party in Interest and Appellant.

Robert K. Miller and M. Carmen Ramirez for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

**OPINION**

**BENKE, J.—**

### INTRODUCTION

■ In this case we hold the California Employment Development Department (EDD) must pay interest on unemployment benefits it erroneously refused to pay to a group of farm workers. The benefits were a monetary obligation capable of being made certain and the workers' right to the benefits vested on particular days. Under *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 682 [131 Cal.Rptr. 789, 552 P.2d 749] (*Tripp* v. *Swoap*), those are the only conditions which must exist to recover interest in a mandamus action against the state. Accordingly we affirm the judgment of the trial court granting the workers a writ of mandate directing payment of interest on the benefits withheld by EDD.

### FACTUAL BACKGROUND

The facts in this case are undisputed. Petitioners and respondents are a group of farm workers who applied for unemployment benefits in 1978.

EDD denied the benefits on the grounds the workers were involved in a trade dispute and were therefore ineligible for unemployment benefits. EDD's determination was upheld by an administrative law judge, the California Unemployment Insurance Appeals Board (CUIAB) and in a superior court proceeding. However, in 1985 the Court of Appeal for the First District reversed and remanded to the superior court to determine whether 81 of the claimants were eligible under *Campos* v. *Employment Development Dept.* (1982) 132 Cal.App.3d 961 [183 Cal.Rptr. 637] (*Campos*).[1] The superior court in turn remanded to the CUIAB. In 1987 an administrative law judge found 28 of the 81 workers were entitled to benefits under *Campos.* EDD paid the unemployment benefits to the 28 workers but refused to pay any interest on the amounts owed.

The 28 workers appealed the EDD's interest determination to the CUIAB. An administrative law judge agreed with the workers and ordered EDD to pay interest on the amounts owed. Thereafter, the CUIAB found no authority for payment of interest in the Unemployment Insurance Code and reversed the administrative law judge's ruling.

The 28 workers then filed a petition for a peremptory writ of mandate in the superior court. The superior court granted the writ and directed EDD to pay interest on the benefits which had been withheld. EDD filed a timely notice of appeal.

### Issue on Appeal

The only issue EDD raises on appeal is its contention interest is not payable on unemployment benefits. We disagree and affirm.

### Discussion

In *Tripp* v. *Swoap, supra,* 17 Cal.3d 671, the plaintiff's application for welfare benefits was improperly denied. In a mandamus proceeding the superior court ordered payment of benefits from the time of application and awarded the plaintiff prejudgment interest. The Director of the former Department of Social Welfare appealed and the Supreme Court affirmed.

In upholding the interest award, the Supreme Court noted that in providing for judicial review of benefit determinations the Legislature expressly

---

[1] In *Campos* a group of frozen food processors had been placed on a seasonal layoff subject to recall and were collecting unemployment benefits when their union went on strike against their employer. The employer then attempted to recall the laid-off workers. The workers refused to return to work and EDD terminated their benefits. The Court of Appeal held the termination of benefits was improper because of a provision in the Unemployment Insurance Code which allows a worker receiving benefits to refuse "new work" if the vacancy is due to a strike, lockout or other labor dispute. (*Campos, supra,* 132 Cal.App.3d at pp. 974-976.)

provided, in Welfare and Institutions Code section 10962, for a waiver of filing fees and authorized payment of attorney fees and costs to successful recipients. However, the Legislature made no provision for payment of interest. The Supreme Court held the Legislature's failure to expressly provide for interest did not prevent a recipient from receiving interest under Civil Code section 3287 subdivision (a).[2] "In the absence of the specific provisions in [Welf. & Inst. Code] section 10962 relating to filing fees, attorney's fees, and costs, a needy person unable to bear the cost of bringing suit might be foreclosed from vindicating rights which have been conferred upon him by statute. The Legislature's inclusion of these provisions thus supports the view that the purpose of section 10962 is to ensure access to judicial reveiw, rather than to define the extent of a recipient's recovery. *Interest, on the other hand, relates to the extent of recovery inasmuch as it constitutes an element of damages.* Under this construction the fact that the Legislature did not mention interest specifically does not mean that a successful recipient is precluded from receiving it. Rather, we must determine whether there is some other authority on which it should be awarded." (*Tripp* v. *Swoap, supra*, 17 Cal.3d at pp. 680-681, fn. omitted, italics added.)

Finding no bar to interest the court turned its attention to Civil Code section 3287, subdivision (a). "Civil Code section 3287, subdivision (a), . . . authorizes the recovery of interest on damages which are certain or capable of being made certain by calculation, where the right to recover has vested on a particular day. In *Mass* v. *Board of Education* [1964] 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579], we construed this statute as providing for prejudgment interest in actions based upon a general underlying monetary obligation, including the obligation of a governmental entity determined by way of mandamus. Since *Mass* our courts on numerous occasions have awarded prejudgment interest in mandamus proceedings brought to recover sums of money pursuant to a statutory obligation. [Citations.]

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Under section 3287, subdivision (a), as interpreted in *Mass, supra*, a claimant must satisfy three conditions for the recovery of interest in a mandamus action against the state: (1) There must be an underlying monetary obligation; (2) the recovery must be certain or capable of being made

---

[2] Civil Code section 3287, subdivision (a), provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

certain by calculation; and (3) the right to recovery must vest on a particular day." (*Tripp* v. *Swoap*, *supra*, 17 Cal.3d at pp. 681-682, fn. omitted, italics added.)

Because welfare benefits are a monetary obligation of the state subject to determination by reference to fixed payment schedules and become due when an applicant has established eligibility, the court found they accrue interest under Civil Code section 3287. (*Tripp* v. *Swoap*, *supra*, 17 Cal.3d at pp. 682-683.) Like *Mass* v. *Board of Education* (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579] the holding in *Tripp* v. *Swoap* has been relied upon in a number of contexts to support an award of interest.[3] (*Marine Terminals Corp.* v. *Paceco, Inc.* (1983) 145 Cal.App.3d 991, 995 [193 Cal.Rptr. 687] [repair costs]; *E. L. White, Inc.* v. *City of Huntington Beach* (1982) 138 Cal.App.3d 366, 377 [187 Cal.Rptr. 879] [indemnity for damages paid to tort victim]; *ITT Gilfillan, Inc.* v. *City of Los Angeles* (1982) 136 Cal.App.3d 581, 584-585 [185 Cal.Rptr. 848] [refund of business taxes]; *Todd Shipyards Corp.* v. *City of Los Angeles* (1982) 130 Cal.App.3d 222, 226-227 [181 Cal.Rptr. 652] [same]; *Levy-Zentner Co.* v. *Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 796-797 [142 Cal.Rptr. 1] [tort action for damages to tangible property].)

Most recently in *Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528, 1532-1534 [258 Cal.Rptr. 106] (*Austin*), another district of the Court of Appeal, relying on *Tripp* v. *Swoap*, found interest was payable on an award of disability retirement benefits. As in *Tripp* v. *Swoap*, the *Austin* court found "there is nothing in the statutory scheme governing disability pension benefits suggesting a legislative intent to preclude recovery of interest on damages awarded as prejudgment benefits from the date such benefits became due." (*Id.* at p. 1533.)

The result reached in *Austin* is consistent with the views expressed by the Supreme Court in *Tripp* v. *Swoap* and *Olson* v. *Cory* (1983) 35 Cal.3d 390, 406 [197 Cal.Rptr. 843, 673 P.2d 720] (*Olson* v. *Cory*). In particular, although unmentioned by the parties, we note the following from the opinion in *Tripp* v. *Swoap*: "Of course, the operation of section 3287, subdivision (a), is further predicated on the existence of damages. Actions to recover retroactive salary increases and wrongfully withheld pension payments have been held to constitute actions for damages. [Citations.] *For purposes of*

---

[3] In addition to upholding the award of interest the court in *Tripp* v. *Swoap* also reviewed the former Department of Social Welfare's eligibility determination. In doing so it applied the substantial evidence test. (17 Cal.3d at p. 676.) In *Frink* v. *Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476], the court found that welfare eligibility determinations should be subject to independent judicial review and accordingly overruled that portion of *Tripp* v. *Swoap* which applied the substantial evidence test.

*section 3287, subdivision (a), we find wrongfully withheld welfare benefits analytically indistinguishable from salary increases and pension payments.* Accordingly, we are of the view that the action before us is an action for damages within the meaning of that statute. [Citation.]" *(Tripp* v. *Swoap, supra,* 17 Cal.3d at p. 682, fn. 12., italics added.) Moreover, in *Olson* v. *Cory,* the court stated: "Nothing in the wording of Civil Code section 3287 suggests that the right to recover interest from the state varies in accordance with the particular fund out of which the underlying obligation was payable." (35 Cal.3d at p. 406.)

The result in *Austin* and the Supreme Court's unwillingness to apply Civil Code section 3287 on the basis of the type of public debt incurred are important here because EDD's major argument on appeal is that unemployment benefits do not serve the same social purpose as welfare benefits. EDD argues welfare benefits grow out of a "humanitarian" concern for the basic needs of all members of society while unemployment insurance is a scheme directed toward "economic stability." EDD contends that given the differences between the two benefit programs, the payment of interest on welfare benefits required by *Tripp* v. *Swoap* has no bearing on whether interest is also payable on unemployment benefits.

The distinction EDD has attempted to draw is unavailing. In light of *Austin,* the Supreme Court's own statement in *Tripp* v. *Swoap,* and the number of other contexts in which *Tripp* v. *Swoap* has been applied, it is plain any distinction in the goals of various governmental programs is entirely unrelated to the right to interest under Civil Code section 3287, subdivision (a). Rather, a claimant's right to interest depends upon whether there is any statute from which we can infer a legislative determination interest is not available and, in the absence of such a legislative determination, whether the requirements of Civil Code section 3287, subdivision (a), have been satisfied. (See *Tripp.* v. *Swoap, supra,* 17 Cal.3d at pp. 681-682.)

EDD concedes, as it must, that there is nothing in the Unemployment Insurance Code which prevents payment of interest on unemployment benefits. The only statutory impediment to payment of interest which EDD has suggested is 26 United States Code section 3304(a)(4), which is part of the Federal Unemployment Tax Act (FUTA). Although it did not raise the issue below, in a footnote in its brief to this court EDD asserts payment of interest is barred by FUTA because 26 United States Code section 3304(a)(4) requires that "all money withdrawn from the unemployment fund of the State shall be used solely in the payment of unemployment compensation, exclusive of expenses of administration. . . ."

EDD has not cited, and we have not found, any cases which interpret this language as preventing the payment of interest on unemployment benefits.

Rather, the analysis employed by the Supreme Court in *Tripp* v. *Swoap* in interpreting section 10962 of the Welfare and Institutions Code suggests no inconsistency between the payment of interest on benefits and FUTA. As we have seen in *Tripp* v. *Swoap*, the court found interest is not collateral to the amount due under a government benefits program but rather, as an element of damages, is related to the extent of recovery. (17 Cal.3d at p. 681.) Thus, under *Tripp* v. *Swoap* payment of interest would not be barred by 26 United States Code section 3304(a) because interest would be part of the compensation the state owes claimants.

We also note the considerable liberality which the states have been given by the federal government in defining the benefits available under their own unemployment insurance systems. " 'The plan for unemployment compensation that we suggest contemplates that the States shall have broad freedom to set up the type of unemployment compensation they wish. We believe that all matters in which uniformity is not absolutely essential should be left to the States. The Federal Government, however, should assist the States in setting up their administrations and in the solution of the problems they will encounter.' . . . [¶] 'The States should have freedom in determining their own waiting periods, benefit rates, maximum-benefit periods, etc.' " (*Ohio Bureau of Employment Services* v. *Hodory* (1977) 431 U.S. 471, 483 [52 L.Ed.2d 513, 523-524, 97 S.Ct. 1898], quoting Rep. of the Com. on Economic Security, as reprinted in Hearings on Sen. No. 1130 before the Sen. Com. on Finance, 74th Cong., 1st Sess., pp. 1311, 1328 (1935); see also *New York Tel. Co.* v. *New York St. Dept. of Labor* (1979) 440 U.S. 519, 539, fn. 31 [59 L.Ed.2d 553, 568, 99 S.Ct. 1328].)

In short then, we reject EDD's reliance on FUTA. In calculating the compensation an unemployed person may receive we believe California is free to include interest on wrongfully denied claims.

Because there are no statutes which prevent payment of interest, we must next determine whether the requirements of Civil Code section 3287, subdivision (a), have been satisfied. First, we note unemployment benefits are a monetary obligation which can be enforced by a claimant in a mandamus proceeding. (See *Thomas* v. *California Emp. Stab. Com.* (1952) 39 Cal.2d 501, 504-505 [247 P.2d 561]; Unemp. Ins. Code, § 1326.) Secondly, the amount to which a particular claimant is entitled, like the welfare benefits discussed in *Tripp* v. *Swoap*, can be calculated with certainty by reference to fixed schedules. (See Unemp. Ins. Code, §§ 1275, 1280.) Finally, the right to payment of benefits vests when the claimant has established the facts which entitle him to the benefits. (*Tripp* v. *Swoap, supra,* 17 Cal.3d at p. 683.) As the court explained in *Tripp* v. *Swoap*: "For purposes of awarding interest, each payment of benefits . . . should be viewed as vesting on the

date it becomes due." (*Ibid.*) Thus, like the welfare benefits discussed in *Tripp* v. *Swoap*, unemployment benefits accrue interest: they are monetary obligations which can be calculated with certainty as of particular dates.

Because the claimants were entitled to interest on their benefits, the superior court did not err in granting them a petition for writ of mandate.[4]

Judgment affirmed.

Kremer, P. J., and Froehlich, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 15, 1990.

---

[4]EDD also argues the administrative law judge had no power to award interest. EDD asserts the administrative law judge was confined to the powers set forth in the Unemployment Insurance Code. Although we do not necessarily accept the limitation EDD proposes, we note the EDD's appeal is from a superior court judgment directing the payment of interest. Plainly, under *Tripp* v. *Swoap* the superior court was empowered to order the agency to pay interest.