[No. A048507. First Dist., Div. Four. Nov. 26, 1990.]

STEPHEN GOLDFARB, Appellant, v.
CIVIL SERVICE COMMISSION OF ALAMEDA COUNTY,
Respondents.

COUNSEL

Winslow & Fassler and Priscilla Winslow for Appellant.

Kevin H. Booty, Jr., County Counsel, and Krisida Nishioka, Deputy County Counsel, for Respondents.

OPINION

PERLEY, J.—Stephen Goldfarb appeals from an order denying his petition for writ of mandate to compel respondents Alameda County (County) and its civil service commission (Commission) to pay him interest on backpay he received under a County ordinance after the Commission determined that he had been wrongfully demoted. Under Civil Code section 3287, subdivision (a),[1] counties are liable to pay interest on "damages." We conclude that appellant's backpay award was for "damages" within the meaning of this statute and therefore reverse.

### FACTUAL BACKGROUND

Appellant challenged his demotion from senior clinical psychologist to clinical psychologist at the County's Health Care Services Agency. After a civil service hearing, the Commission rescinded the demotion and restored

---

[1] Unless otherwise indicated, all further statutory references are to the Civil Code.

appellant to his former position. He then received approximately $15,000 under a County ordinance that automatically awards backpay when the Commission retroactively rescinds a disciplinary action.[2] He petitioned the trial court for a peremptory writ of mandate after respondents rejected his demand for interest on the backpay.

## DISCUSSION

Preliminarily, we note that an appellate court is not bound by a trial court's decision to deny a writ of mandate where the facts are undisputed and the decision to grant or deny the writ is purely a question of law. (*Evans* v. *Unemployment Ins. Appeals Bd.* (1985) 39 Cal.3d 398, 407 [216 Cal.Rptr. 782, 703 P.2d 122]; *Goddard* v. *South Bay Union High School Dist.* (1978) 79 Cal.App.3d 98, 105 [144 Cal.Rptr. 701].) There is no factual dispute in this instance and the sole issue presented—whether a civil servant is entitled to interest on a backpay award—is one of law. (*Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528, 1531 [258 Cal.Rptr. 106].) Therefore, we can independently determine whether respondents' decision constituted an abuse of discretion. (*Thelander* v. *City of El Monte* (1983) 147 Cal.App.3d 736, 748 [195 Cal.Rptr. 318]; *Weary* v. *Civil Service Com.* (1983) 140 Cal.App.3d 189, 195 [189 Cal.Rptr. 442].)

A writ of mandate may be issued where there is a clear, present and usually ministerial duty on the part of the defendant, and a clear, present and beneficial right in plaintiff to performance of that duty. (*California Teachers Assn.* v. *Governing Board* (1987) 195 Cal.App.3d 285, 295 [240 Cal.Rptr. 549].) These conditions are satisfied in appellant's case insofar as the petition seeks interest on his backpay.

Respondents' duty to pay interest and appellant's right to such interest are established by section 3287, subdivision (a), which provides in pertinent part that "[e]very person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day . . . . This section is applicable to recovery of damages and interest from . . . any county . . . ." The Civil Code defines "damages" broadly as monetary compensation for one who suffers detriment from the unlawful act or omission of another (§ 3281), and a number of cases have indicated that backpay awards are "damages" under section 3287.

In *Mass* v. *Board of Education* (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579], a wrongfully suspended teacher was reinstated and awarded

---

[2]The record contains no citation to this ordinance. Our description of its operation is derived from respondents' answer to the petition for writ of mandate.

full salary from the date of suspension. Citing section 3287, the court found that the teacher was "entitled to prejudgment interest as an element of damages on each [lost] salary payment as it accrued." (*Id*. at p. 624.) The court noted that section 3287 had been amended in 1959 "to include rights against local governmental agencies," and disapproved decisions suggesting that interest could not be recovered in mandamus actions. (*Id*. at pp. 624, 625-626.) The court also noted that: "Each salary payment in the instant case accrued on a date certain. Unless the suspension itself can be sustained and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued. If plaintiff had not been wrongfully suspended, he would have obtained the benefit of the moneys paid as of those dates; he has thus lost the natural growth and productivity of the withheld salary in the form of interest." (*Id*. at p. 625.) Under this reasoning, appellant is entitled to interest on each installment of back salary from the date it fell due.

Subsequent decisions likewise hold that backpay awards are "damages" for purposes of section 3287. *Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252, 262 [90 Cal.Rptr. 169, 475 P.2d 201], awarded prejudgment interest on overdue salary payments on the ground that "[a]n action to recover retroactive pay increases is an action for damages within the meaning of section 3287 of the Civil Code." *Olson* v. *Cory* (1983) 35 Cal.3d 390 [197 Cal.Rptr. 843, 673 P.2d 720], awarded interest on claims for back salary and pension payments. The court quoted section 3287, subdivision (a), and held that "[a]mounts recoverable as wrongfully withheld payments of salary or pensions are damages within the meaning of these provisions." (35 Cal.3d at pp. 401-402.)

These cases are controlling and respondents' attempts to distinguish them are unpersuasive. Respondents suggest that *Mass* is distinguishable because the plaintiff in that case sued in court for reinstatement and backpay as well as interest, whereas appellant here seeks only interest. We see no reason, however, why appellant should be denied interest on his backpay simply because he was vindicated in an administrative proceeding and did not have to contest his demotion in court. Respondents point out that the backpay in *Mass* was awarded pursuant to court order, whereas the backpay in this case was paid pursuant to a local ordinance. Again, however, we fail to see why backpay awarded by ordinance is any less in the nature of "damages" than backpay awarded by administrative or court order. If we were to rule that counties could avoid paying interest on wrongfully withheld salaries simply by enacting ordinances that made orders for payment of those salaries superfluous, then we would no doubt precipitate a flurry of such enactments.

Respondents next argue that they are not responsible for interest on appellant's backpay because the statutes regulating claims against counties (Gov. Code, § 29700 et seq.) do not provide for payment of interest. A similar argument was recently rejected in *Austin* v. *Board of Retirement, supra*. The plaintiff in that case, a former county sheriff, prevailed on a claim for disability retirement benefits. The retirement board argued it was not liable for prejudgment interest because there was no provision for interest in the statutes governing payment of disability retirement benefits (Gov. Code, § 31720 et seq.). The *Austin* court found that such a provision " . . . would be redundant, as the Legislature provided elsewhere, and generally, in Civil Code section 3287 (*supra*), for the recovery of interest from a debtor, including 'any county.' " (*Austin* v. *Board of Retirement, supra*, 209 Cal.App.3d at p. 1532.) This same reasoning applies in appellant's case.

Respondents rely finally on cases holding that claims for backpay are not claims for "money or damages" within the meaning of the Tort Claims Act (Gov. Code, § 950 et seq.). (See *Eureka Teacher's Assn.* v. *Board of Education* (1988) 202 Cal.App.3d 469 [247 Cal.Rptr. 790]; *Harris* v. *State Personnel Bd.* (1985) 170 Cal.App.3d 639 [216 Cal.Rptr. 274].) These cases are inapposite. They do not address the meaning of "damages" in section 3287 and the Tort Claims Act is not at issue here.

We thus conclude that appellant's petition should be granted insofar as it seeks interest on the backpay he received. The trial court did not reach, and the parties have not briefed, the merits of the petition insofar as it requests attorneys' fees and costs under Government Code section 800 (arbitrary and capricious conduct by public entity), and we express no opinion on that issue.

## DISPOSITION

The order denying the petition for writ of mandate is reversed. The case is remanded with directions to grant the petition insofar as it seeks interest on appellant's backpay, and for further proceedings on his request for attorneys' fees and costs. Appellant is entitled to costs on appeal.

Anderson, P. J., and Reardon, J., concurred.