[No. D030717. Fourth Dist., Div. One. Dec. 23, 1998.]

SAN DIEGO COUNTY DEPUTY SHERIFFS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
SAN DIEGO COUNTY CIVIL SERVICE COMMISSION, Defendant and
Respondent;
SAN DIEGO COUNTY SHERIFFS DEPARTMENT et al., Real Parties in
Interest and Respondents.

**COUNSEL**

Everett L. Bobbitt; and Sanford A. Toyen for Plaintiffs and Appellants.

John J. Sansone, County Counsel, Diane Bardsley, Chief Deputy County Counsel, and Ralph W. Peters, Deputy County Counsel, for Defendant and Respondent and for Real Parties in Interest and Respondents.

**OPINION**

**McDONALD, J.**—In early 1997 the San Diego County Sheriffs Department terminated the employment of Deputy Sheriffs Chris Volmer and Barri Woods (together appellants). Appellants filed administrative appeals of the termination orders. The appeals were heard before hearing officers. In June 1997 the San Diego County Civil Service Commission (Commission) adopted the hearing officers' recommendations and reversed the termination orders, reinstated appellants' employment and restored their backpay.

██ On July 24 appellants requested Commission include interest in the backpay awards pursuant to Civil Code[1] section 3287, subdivision (a). Commission deferred action on their requests. Appellants then filed the current action seeking a writ of mandate, arguing that under *Goldfarb* v. *Civil Service Com.* (1990) 225 Cal.App.3d 633 [275 Cal.Rptr. 284] (*Goldfarb*) Commission was obligated to include interest in the backpay awards. The trial court concluded that *American Federation of Labor* v. *Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017 [56 Cal.Rptr.2d 109, 920 P.2d 1314] (*AFL*) overruled *Goldfarb*. It construed *AFL* as holding that absent an express statutory authorization an administrative agency has no authority to award interest under section 3287, subdivision (a). The trial court accordingly denied the writ of mandate.

██ This appeal of the trial court's denial of the writ of mandate is on undisputed facts, presents questions of statutory and case law interpretation only, and is subject to our independent review. (*Scott* v. *Common Council* (1996) 44 Cal.App.4th 684, 689 [52 Cal.Rptr.2d 161].) ██ We conclude that *AFL* did not overrule *Goldfarb* and that when an administrative agency determines an employee's employment was wrongfully terminated, and reinstates the employee's employment with backpay, the agency must include interest in the award of wrongfully withheld backpay.

## I

### THE RELEVANT AUTHORITIES

### A

### *The Goldfarb Decision*

In *Goldfarb*, a demoted employee appealed the demotion to the civil service commission (the CSC). The CSC rescinded the demotion and awarded the employee backpay. The CSC rejected the employee's demand for interest, and the employee petitioned for a writ of mandate. *Goldfarb* concluded the CSC had a duty under Civil Code section 3287, subdivision (a) to include interest in the backpay award and reversed the trial court's denial of the writ of mandate. (*Goldfarb*, *supra*, 225 Cal.App.3d at pp. 636-637.)

*Goldfarb* noted that under section 3287, subdivision (a) when a person is entitled to recover damages certain, or capable of being made certain, and the right to recover is vested on a certain day, the person is also entitled to

---

[1] All further statutory references are to the Civil Code unless otherwise specified.

interest on the damage award. *Goldfarb* then held that a backpay award qualifies as a damage award under section 3287, subdivision (a). (*Goldfarb, supra,* 225 Cal.App.3d at pp. 634-635.)

*Goldfarb* relied heavily on *Mass* v. *Board of Education* (1964) 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579] (*Mass*). In *Mass,* the trial court ordered a school board to reinstate a suspended teacher and to pay him backpay with interest from the date of suspension under section 3287, subdivision (a). (61 Cal.2d at pp. 617-624.) The school board opposed the interest award, arguing that interest should accrue only from the date it had the legal duty to reinstate the teacher; until that date, it argued, the right to salary was not vested because he was legally suspended. Rejecting that argument, *Mass* observed at page 625: "The Civil Code requires vesting, however, only in order to fix with sufficient certainty the time when the obligation accrues so that interest should not be awarded on an amount before it is due. Each salary payment in the instant case accrued on a date certain. *Unless the suspension itself can be sustained and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued.* If plaintiff had not been wrongfully suspended, he would have obtained the benefit of the moneys paid as of those dates; he has thus lost the natural growth and productivity of the withheld salary in the form of interest." (Italics added.)

*Goldfarb,* citing the above quoted language from *Mass,* concluded the wrongfully demoted employee was also entitled to interest on each installment of back salary from the date it was due. (*Goldfarb, supra,* 225 Cal.App.3d at p. 636.) In *Goldfarb,* the CSC attempted to distinguish *Mass* by arguing the *Mass* plaintiff obtained a court order for reinstatement and backpay plus interest in contrast to the *Goldfarb* plaintiff who sought a court order for only interest. *Goldfarb* rejected the argument because it could discern no reason to deny interest on backpay when the demotion was reversed in an administrative proceeding rather than in a later mandamus court proceeding. (*Ibid.*) In *Goldfarb,* the CSC also urged that the statutes governing claims against counties do not provide for the payment of interest. *Goldfarb* rejected that argument, noting that *Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528 [258 Cal.Rptr. 106] had rejected a similar argument because a specific statutory authorization of interest on claims against counties " '. . . would be redundant, as the Legislature provided elsewhere, and generally, in Civil Code section 3287 . . . , for the recovery of interest from a debtor, including "any county." ' " (*Goldfarb, supra,* 225 Cal.App.3d at p. 637, quoting *Austin, supra,* at p. 1532.)

B

## The AFL Decision

In *AFL,* the court concluded an administrative law judge (ALJ) could not award interest on a payment of retroactive unemployment insurance benefits. We set forth the factual background of AFL before examining the court's legal analysis.

### 1. The Background

In *AFL,* the claimant filed a claim for unemployment benefits and requested the claim be backdated to include a previous 10-week period. The Employment Development Department (EDD) denied the request. However, an ALJ reversed the EDD's denial and ordered the claim backdated to include the 10-week period. (*Matter of Toni Z. Kalem* (1993) Cal. Unemp. Ins. App. Bd. Precedent Benefit Dec. No. P-B-476.) The claimant then requested that interest be paid on the additional 10 weeks of benefits. The Unemployment Insurance Appeals Board (the Board) concluded that neither the Board nor the ALJ had authority to award section 3287, subdivision (a) interest to a successful claimant who is awarded benefits through the normal course of administrative review. (*AFL, supra,* 13 Cal.4th at p. 1028.)

On appeal, the Court of Appeal relied on *Knight* v. *McMahon* (1994) 26 Cal.App.4th 747 [31 Cal.Rptr.2d 832] (*Knight*) and held the ALJ can award section 3287, subdivision (a) interest on a retroactive award of unemployment insurance benefits. The Court of Appeal rejected the Board's assertion that by awarding interest an ALJ would be acting in contravention of the statutory scheme governing the unemployment insurance administrative process and beyond an ALJ's statutory authority. The Court of Appeal's opinion distinguished *Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379 [241 Cal.Rptr. 67, 743 P.2d 1323] (*Dyna-Med*) and *Peralta Community College Dist.* v. *Fair Employment & Housing Com.* (1990) 52 Cal.3d 40 [276 Cal.Rptr. 114, 801 P.2d 357] (*Peralta*), both of which held that administrative agencies may not make monetary awards for elements of damage beyond those authorized by statute. (*AFL, supra,* 13 Cal.4th at p. 1029.)

### 2. The AFL Opinion

The *AFL* court concluded that the Court of Appeal's analysis "ignored the fact that section 3287(a) interest may only be awarded in a mandamus action following the Board's wrongful withholding of benefits." (*AFL, supra,* 13

Cal.4th at p. 1029.) The *AFL* court reversed the Court of Appeal, disapproved *Knight,* and held the ALJ could not award interest on a retroactive award of unemployment insurance benefits. *(Id.* at pp. 1041-1043.)

The *AFL* court prefaced its analysis with a comprehensive overview of the unemployment insurance benefits administrative process. It noted that benefits are not owed immediately after the claimant becomes unemployed. Instead, benefits become "due" only after there is an administrative determination of eligibility for benefits, and the administrative scheme contemplates three potential levels at which the agency could find a claimant eligible for benefits: the initial EDD level, the ALJ level, and the Board level. Once the claimant is found eligible for benefits at one of those levels of administrative review, benefits must be promptly paid regardless of any appeal by third parties. *(AFL, supra,* 13 Cal.4th at pp. 1024-1028.) The *AFL* court summarized at page 1026: "Thus . . . the Unemployment Insurance Code allows the EDD, and unemployment insurance claimants, a reasonable time to process each legitimate claim. Benefits are not due immediately after a claim is filed following employment termination. Rather, they are due promptly only after a claimant has established benefit eligibility. [Citation.] The statutory scheme thus accounts for the fact that delays are inherent in the entitlement claim review process and are necessary to ensure [that] only those claimants who have established eligibility will receive benefits. . . . *The delays inherent in this system are not, however, tantamount to a 'wrongful withholding' of benefits giving rise to a right to section 3287(a) prejudgment interest once the Board rules in favor of the claimant.*" (Italics added.)

Within this administrative scheme the *AFL* court then analyzed the precise issue presented: whether the claimant the ALJ determines is eligible for retroactive benefits may also obtain interest on those benefits. The court's analysis was subdivided into several parts, three of which are germane here: (1) interest under section 3287, subdivision (a), (2) the import of *Dyna-Med* and *Peralta,* and (3) whether *Knight* was good law.

(a)  *Interest Under Section 3287*

The *AFL* court first examined when interest was recoverable under section 3287, subdivision (a). The *AFL* court noted that *Tripp* v. *Swoap* (1976) 17 Cal.3d 671 [131 Cal.Rptr. 789, 552 P.2d 749], overruled on other grounds in *Frink* v. *Prod* (1982) 31 Cal.3d 166, 180 [181 Cal.Rptr. 893, 643 P.2d 476], concluded that interest under section 3287, subdivision (a) was payable on wrongfully withheld welfare benefits eventually awarded in a mandamus action. In *Tripp,* the plaintiff filed an administrative mandamus action for

benefits after the agency denied eligibility. (*Tripp, supra*, 17 Cal.3d at p. 675.) After affirming the order to pay benefits retroactively, *Tripp* concluded the effective date of plaintiff's entitlement to benefits was "the first day of the month following the date of application" (*id.* at p. 678), and it then turned to the issue of whether "the recipient of wrongfully withheld welfare benefits is entitled to prejudgment interest." (*Ibid.*) *Tripp* concluded the Legislature's not specifically providing for payment of interest following judicial review of benefit determinations was not determinative because the purpose of the statute providing for judicial review of administrative benefit decisions was to ensure access to judicial review rather than to define the extent of recovery. (*Tripp, supra,* 17 Cal.3d at p. 684.) *Tripp* noted that section 3287, subdivision (a) "authorizes the recovery of interest on damages which are certain or capable of being made certain by calculation, where the right to recover has vested on a particular day." (17 Cal.3d at p. 681.) Because the right to benefit payments vested when the claimant established the facts entitling him or her to the benefits, *Tripp* upheld an interest award for the delay the agency caused by wrongfully withholding benefits after the hearing officer determined the claimant was entitled to them, "despite the absence of specific statutory authority" for the award under the welfare scheme. (*Id.* at pp. 682-683.)

The *AFL* court cautioned that the award of interest upheld in *Tripp* was made by a court in a mandamus action, and that *Tripp* declined to decide whether it was discriminatory to award interest to welfare recipients who were denied benefits but who successfully obtained them by judicial review while denying interest to recipients who were denied benefits but who successfully obtained them by an administrative appeal. (*AFL, supra*, 13 Cal.4th at pp. 1031-1032.) The *AFL* court then cited four appellate decisions, including *Goldfarb* and *Aguilar* v. *Unemployment Ins. Appeals Bd.* (1990) 223 Cal.App.3d 239 [272 Cal.Rptr. 696], which "relied on the holding in *Tripp* to support an award of section 3287(a) interest for wrongfully withheld benefits in the context of a mandamus action." (*AFL, supra*, at p. 1032.)

The *AFL* opinion contains no further reference to *Goldfarb*. However, the *AFL* court extensively discussed *Aguilar*. In *Aguilar*, the claimants were originally denied unemployment insurance benefits in 1978 on the grounds the workers were involved in a trade dispute and were therefore ineligible for unemployment benefits. However, after the Board's decision was reversed and remanded to determine whether some of the claimants were eligible to receive benefits, the Board subsequently concluded some of the claimants were eligible for benefits. (*Aguilar* v. *Unemployment Ins. Appeals Bd., supra*, 223 Cal.App.3d at p. 241.) The EDD paid the benefits to those

workers but refused to pay interest on the amounts owed. An ALJ reversed the EDD's decision and ordered the EDD to pay interest on the benefits, but the Board on administrative appeal found no authority for payment of interest in the Unemployment Insurance Code and reversed the ALJ's ruling. The workers then sought and obtained a writ of mandate from the superior court, directing the EDD to award interest on the wrongfully withheld employment benefits. The EDD appealed the court's order, contending prejudgment interest was not payable. (*Ibid.*)

In *Aguilar*, this court affirmed the superior court's order to pay interest. *Aguilar* noted a claimant's right to interest depends on whether he has satisfied the requirements of section 3287, subdivision (a). (*Aguilar* v. *Unemployment Ins. Appeals Bd., supra*, 223 Cal.App.3d at pp. 242-243.) *Aguilar* concluded that interest was recoverable because (1) it was a fixed monetary obligation; (2) the right to payment vested once the claimant established eligibility; and (3) the claimant could enforce the obligation by a mandamus action. (*Id.* at pp. 245-246.) The *AFL* court interpreted *Aguilar* as "refus[ing] to address the question whether benefit claimants may seek interest for the time spent in the routine processing of their benefit eligibility claim, and in the absence of a wrongful denial of benefits by the Board. *Aguilar* simply observed that '. . . the EDD's appeal is from a superior court judgment directing the payment of interest. Plainly, under [*Tripp*] the superior court was empowered to order the agency to pay interest.' [*Aguilar, supra*, at p. 246, fn. 4.]" (*AFL, supra*, 13 Cal.4th at p. 1033.)

Thus, the *AFL* court recognized that *Aguilar*, although not directly addressing the question whether the Board or ALJ's may award interest on benefits, held a claimant for unemployment insurance benefits may receive section 3287, subdivision (a) interest as part of the court's judgment on mandamus if the benefits had been wrongfully withheld. (*AFL, supra*, 13 Cal.4th at p. 1033.) The *AFL* court concluded that both *Tripp* and *Aguilar* awarded interest solely for the delay caused by the necessity of a mandamus action and that neither *Tripp* nor *Aguilar* supported an award of interest when benefits were granted during the original administrative proceedings. (*AFL, supra*, 13 Cal.4th at p. 1034.)

### (b) *The Import of Dyna-Med and Peralta*

In *AFL*, the claimants argued that because a court in a mandamus action computes an interest award from the date the benefits should have been paid, entitlement to interest is automatic. The *AFL* claimants therefore argued that under *Knight* the ALJ is also authorized to award interest as an automatic

component of the award. The *AFL* court, rejecting that argument, reasoned that *Dyna-Med* and *Peralta* held that an agency's authority to fashion an award is not necessarily coextensive with a court's authority but is instead limited by the particular statutory scheme giving rise to the particular agency's powers. Accordingly, the particular statutory scheme must be examined to determine the scope of the agency's authority. For example, the *AFL* court noted that *Dyna-Med* had construed the statutory scheme under the Fair Employment and Housing Act (FEHA) as denying the agency authority to award punitive damages even though in a civil action alleging similar conduct a court could award punitive damages. Similarly, the *AFL* court noted that *Peralta* had construed the FEHA as denying the agency authority to award noneconomic compensatory damages even though such damages were recoverable in a civil action alleging similar conduct. (*AFL, supra,* 13 Cal.4th at pp. 1035-1037.)

After summarizing *Dyna-Med* and *Peralta,* the *AFL* court stated:

"Both *Dyna-Med* and *Peralta* are instructive, and their analyses of the restrictions on administrative agency power apply equally here. As the Board observes, the function of the administrative law judge in a proceeding to recover unemployment insurance benefits is simply to determine if claimants are eligible and then, if so, to calculate benefits owed based on length of employment. [Citation.] At the administrative level benefits are not calculated on the basis of wrongdoing or delay. . . .

"As we explained . . . , the initial mandatory process the Unemployment Insurance Code created contemplates only an administrative determination of benefit eligibility that requires at least an initial application to the EDD and, in some cases, second review by an administrative law judge. Claimants may not argue that their benefits have been *wrongfully* withheld until the Board erroneously determines they are ineligible, requiring them to seek administrative mandamus review in superior court. Until then, no wrongful withholding of benefits or delay attributable to the administrative process occurs. The Unemployment Insurance Code does not give the Board or its administrative law judges the statutory authority to award interest on an administrative award of benefits, and we cannot, by judicial fiat, create such authority." (*AFL, supra,* 13 Cal.4th at pp. 1036-1037, original italics.)

    (c)   *Knight Disapproved*

The *AFL* court finally examined whether *Knight* was good law. *Knight* relied on *Tripp* to conclude that an ALJ may award section 3287, subdivision (a) interest in the same proceeding in which he or she issues an award of

retroactive in-home supportive services because the interest is simply "a part of the underlying benefit to which a recipient is entitled." (*Knight, supra*, 26 Cal.App.4th at p. 754.) *Knight* acknowledged that administrative agencies may exercise only those powers that the Constitution or statutes have conferred on them, but concluded that the agency's power to award benefits included the implied power to award interest on those benefits. (*Ibid.*)

The *AFL* court concluded *Knight* misread *Tripp* because "*Tripp* simply directed the trial court in the mandamus proceeding to award the section 3287(a) interest after it determined that the [agency] had wrongfully withheld welfare benefits. [Citation.] . . . Neither the *Tripp* court, nor any of its progeny (except *Knight*), considered whether administrative law judges have the authority to award section 3287(a) interest in the absence of wrongful action by the administrative agency." (*AFL, supra*, 13 Cal.4th at p. 1038.)

Finally, the *AFL* court noted that although an agency's powers may impliedly encompass unenumerated powers, it would not construe the Unemployment Insurance Code to include the power to award interest; that Code's provisions "strictly limit the powers of administrative law judges to determine eligibility and compute benefits. They do not grant either express or implied authority to award interest on benefit computations for the inconsequential delay that occurs when a claimant pursues entitlement benefits in the normal course of administrative review." (*AFL, supra*, 13 Cal.4th at p. 1039.) The *AFL* court therefore disapproved *Knight* and declined to construe the administrative scheme to "expand the powers of the EDD or administrative law judges charged only with determining eligibility and computing benefits under the Unemployment Insurance Code by finding an implied power to award section 3287(a) interest." (*Id.* at p. 1041.)

## II

### PARTIES' CONTENTIONS

Appellants argue *AFL* is expressly limited to the narrow question of the powers and functions of an ALJ in the unemployment insurance context and did not overrule *Goldfarb*'s holding that an administrative agency must award interest in the context of wrongfully withheld backpay. Commission argues *AFL* held that (1) an administrative agency has no power to award interest absent express statutory authority, and (2) section 3287, subdivision (a) applies only to judicial awards and does not empower administrative

agencies to award interest. Accordingly, Commission argues *AFL* overruled *Goldfarb* sub silentio.[2]

## III

### GOLDFARB WAS NOT OVERRULED BY AFL

We construe *AFL* to have addressed issues distinct from the issues addressed in *Goldfarb* and therefore *AFL* did not overrule *Goldfarb*.

We begin with the obvious: Although the *AFL* court was aware of *Goldfarb* and its analysis, *AFL* did not expressly overrule *Goldfarb*.[3] Moreover, *AFL* did not overrule or disapprove any of the cases on which *Goldfarb* relied. We must therefore distill the core of *AFL's* holding to determine whether it is so inconsistent with *Goldfarb's* analysis that it impliedly overruled *Goldfarb*.

*AFL* recognized that section 3287, subdivision (a) interest is payable when in a mandamus action a court determines the agency wrongfully withheld benefits. The central theme of *AFL*, however, is that interest is not available absent an agency decision or action which has resulted in wrongful withholding of, and corresponding delay in receiving, benefits to which the claimant is entitled. (See *Weber* v. *Board of Retirement* (1998) 62 Cal.App.4th 1440, 1450 [73 Cal.Rptr.2d 769].)[4] The *AFL* court extensively explained that the unemployment insurance scheme contemplates several

---

[2]Commission also argues that because appellants requested interest after Commission's decision to reinstate their employment became final, Commission lacked authority to modify or vacate the decision. However, appellants did not seek to amend or vacate the orders reinstating them or awarding them backpay, but instead sought new or supplemental orders awarding them additional amounts, and we are aware of no authority precluding Commission from making new or supplemental orders.

[3]We acknowledge that *AFL* cited *Goldfarb* as supporting ". . . an award of section 3287(a) interest for wrongfully withheld benefits in the context of a mandamus action." (*AFL, supra,* 13 Cal.4th at p. 1032.) Although *Goldfarb* involved a mandamus action, it held that the agency should have awarded interest. We are therefore uncertain of the import of *AFL's* citation of *Goldfarb*.

[4]*Weber* is the only court to have applied *AFL* to conclude an administrative agency lacked authority to award interest on a lump sum distribution. In *Weber*, the agency was charged with determining whether the employees were eligible for disability retirement benefits. Once there was an administrative determination that the employees were permanently incapacitated, they were entitled to the disability retirement allowance retroactive to the date the application for disability retirement was filed, and they could recover a lump sum distribution representing the retroactive benefits the agency awarded them. (62 Cal.App.4th at pp. 1447-1450.) *Weber* concluded interest could not be awarded on this lump sum because there was no explicit statutory authority for the agency to make an interest award. *Weber* also held there was no implicit power to award interest because, as in *AFL*, there could be no "wrongful withhold-

steps and inherently involves some minimal delay before there is a determination of eligibility for the benefit. Until these steps are exhausted there has been no wrongful delay or action because the claimant is not entitled to benefits until the administrative process has been completed. Accordingly, when a claimant is found entitled to benefits at one of the administrative levels, there has been no wrongful delay or action in receiving benefits on which to predicate an award of prejudgment interest by the agency. (*AFL*, *supra*, 13 Cal.4th at p. 1037.)

In contrast to *AFL*, *Goldfarb* addresses the recoverability of interest in situations in which there has been a determination of wrongful action by an agency and wrongful withholding of funds to which the claimant was entitled, prior to the completion of the administrative process. In *Goldfarb* and the present case, the initial disciplinary action deprived the employee of a fully vested right to his job and paycheck. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 206-207 [124 Cal.Rptr. 14, 539 P.2d 774].) When Commission subsequently reverses the initial disciplinary action, it effectively determines that the employee's vested property interests were wrongfully withheld by the initial disciplinary action. This administrative decision, unlike the decision of the ALJ in *AFL*, is not a decision giving rise to entitlement to benefits in the first instance but is instead a decision that salary was wrongfully withheld. Under the rationale of *AFL*, which reasoned that the allowance of interest requires a wrongful withholding of benefits due, interest should be paid on the backpay.[5]

*AFL* evaluated an administrative scheme in which claimants could not argue that their benefits were wrongfully withheld until the administrative process was completed; "[u]ntil then, no wrongful withholding of benefits or delay attributable to the administrative process occurs." (*AFL*, *supra*, 13 Cal.4th at p. 1037.) Only the entity charged with subsequently reviewing that decision—the superior court in a mandamus action—may then award interest for the delayed disbursement if the court determines the benefits were wrongfully withheld. *Goldfarb*, however, evaluated an administrative scheme in which the wrongful action and withholding of payment was the triggering event for commencing the administrative review process, and the

---

ing" of benefits until there was an obligation to pay and no obligation arose until the agency made the disability determination. (*Id.* at pp. 1448-1451.)

[5]Both *Mass* and *Goldfarb* concluded interest was recoverable on salary payments from the date the salary accrued, not from the date the employer had the legal duty to reinstate the employee, *because* "[e]ach salary payment . . . accrued on a date certain [and unless] the suspension itself can be sustained and the board thus relieved of any obligation whatsoever, the salary payments became vested as of the dates they accrued." (*Mass*, *supra*, 61 Cal.2d at p. 625.)

ALJ (like the superior court in the mandamus action reviewing denial of unemployment benefits) reviews whether to uphold the wrongful action.

Commission's argument that *AFL* overruled *Goldfarb* is based solely on Commission's conclusion that *AFL* held an agency never has power to award interest absent express statutory authorization. However, we do not read *AFL* so expansively. *AFL* acknowledged that an agency can have powers not expressly granted if the statutory scheme can be construed to encompass unenumerated powers. *AFL* held that the statutory scheme of the Unemployment Insurance Code could not be construed to encompass the unexpressed power to award interest, because its provisions strictly limit the powers of ALJ's to determine benefit eligibility and amount, a process that includes some delay in the normal course of administrative review. The delays inherent in the system, however, do not result in any wrongful withholding of benefits on which to predicate an interest award, and therefore the *AFL* court refused to imply a power to award interest based on that delay. However, under statutory schemes where a claimant's benefits are wrongfully delayed, we believe *AFL*'s analysis is inapplicable.

Because *Goldfarb* operates in an arena distinct from any of the types of statutory schemes evaluated by *AFL*, we conclude *AFL* does not overrule *Goldfarb*. Accordingly, if Commission finds the disciplinary action was wrongful, we agree with *Goldfarb* that there appears to be no reason to deny appellants interest on their backpay simply because they were vindicated in an administrative proceeding and did not have to contest their employment termination in court. (*Goldfarb, supra*, 225 Cal.App.3d at p. 636.)

### DISPOSITION

The order denying the petition for writ of mandate is reversed. The case is remanded with directions to grant the petition insofar as it seeks interest on appellants' backpay. Appellants are entitled to costs on appeal.

Haller, Acting P. J., and McIntyre, J., concurred.