[No. E010693. Fourth Dist., Div. Two. July 13, 1993.]

CALIFORNIA RANCH HOMES DEVELOPMENT COMPANY OF HEMET, Plaintiff and Respondent, v.
SAN JACINTO UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

## COUNSEL

Best, Best & Krieger, Daniel J. McHugh, Victor L. Wolf and Brant H. Dveirin for Defendant and Appellant.

Lynn D. Crandall and Lisa A. Sego for Plaintiff and Respondent.

## OPINION

**DABNEY, J.**—The San Jacinto Unified School District (School District) appeals from the judgment entered in favor of California Ranch Homes Development Company of Hemet (CRH) on CRH's petition for writ of mandate. The judgment required the School District to refund to CRH school impact fees totaling $73,143.20 plus interest. On appeal, the School District contends the court erred in determining that the School District had improperly collected school impact fees at the residential rate instead of at the lower rate applicable to senior citizen housing. The School District also contends that CRH's action was barred under the applicable statute of limitations.

### FACTUAL AND PROCEDURAL BACKGROUND

CRH is the owner and developer of a 47-unit residential project situated within the School District's jurisdictional boundaries. Under recorded tract restrictions, occupancy of the project was limited to individuals 55 years of age and older.[1]

---

[1]Recorded tract restrictions for the project provided, "No lot shall be used for the permanent residence or be occupied by any person under the age of fifty-five years. For purposes of these covenants the continued occupation of any lot or combination of lots by any person

Under Government Code[2] sections 53080 et seq. and 65995 et seq., the School District is authorized to levy school impact fees on new residential construction ($1.56 per square foot of construction at the time CRH paid its fees). Under section 65995.1, subdivision (a),[3] certain projects for the construction of senior citizen housing qualify for the lower fee rate assessed on commercial or industrial development ($.26 per square foot of construction at the time CRH paid its fees).

During late 1989 and early 1990, CRH paid the School District school impact fees in installments at the rate of $1.56 per square foot of construction for a total of $87,771.84. In return, CRH received certificates of compliance which were a precondition to CRH's obtaining building permits for the project.

In October 1990, CRH learned that certain senior citizen housing projects could be assessed school impact fees at the commercial or industrial rate of $.26 per square foot of construction. In March 1991, CRH filed a petition for writ of mandate seeking a refund of the fees it had paid in excess of the lower rate. CRH alleged that occupancy of the project was restricted to senior citizens, and it was entitled to a refund of the fees it had paid in excess of $.26 per square foot of construction.

The School District alleged as a defense that the action was barred by the statute of limitations in section 66020, subdivision (d). The School District further alleged that the project did not meet the requirements of Civil Code section 51.3[4] and therefore did not qualify as a senior citizen residential project under section 66595.1, subdivision (a).

Following a hearing on the petition, the court ruled that CRH was entitled to a refund of the school impact fees in excess of the commercial and industrial rate. The court held that section 66020 did not apply because CRH

---

under the age of fifty-five years for a period of thirty days or more shall create a conclusive presumption of a permanent residence in violation hereof. A married couple, living together, where one spouse is fifty-five years or older, complies with the above age restriction."

[2]All further statutory references are to the Government Code unless otherwise indicated.

[3]"Notwithstanding any other provision of law, as to any development project for the construction of senior citizen housing, as described in Section 51.3 of the Civil Code, . . . any fee, charge, dedication, or other form of requirement that is levied under Section 53080 may be applied only to new construction, and is subject to the limits and conditions applicable under subdivision (b) of Section 65995 in the case of commercial or industrial development." (§ 65995.1, subd. (a).)

[4]Civil Code section 51.3, subdivision (c)(3) provides: " 'Senior citizen housing development' means a residential development consisting of at least 150 dwelling units in a standard metropolitan statistical area or at least 35 dwelling units in any other area which is developed for . . . senior citizens. . . ."

was not protesting the imposition of the school impact fee, but rather was protesting an erroneous calculation of the fee. The court further held that for purposes of the school impact fee, the tract restrictions on the project met the requirements of Civil Code section 51.3.

## DISCUSSION

*Statute of Limitations.* ██ The School District alleged as an affirmative defense that CRH's petition was not filed within the limitations period applicable to challenges to school impact fees. (§ 66020, subd. (d).)[5] CRH argues that section 66020 applies only to suits to challenge a fee in total or to challenge a fee's constitutionality as applied to a particular project, but does not apply to suits to challenge an allegedly erroneous calculation of a fee.

██ Section 66020 provides the exclusive method for challenging a school impact fee. (*North State Development Co.* v. *Pittsburg Unified School Dist.* (1990) 220 Cal.App.3d 1418, 1423-1425 [270 Cal.Rptr. 166].) Under section 66020, subdivision (a), "Any party may protest the imposition of any fees . . . imposed on a residential housing development by a local agency" by tendering the required payment in full and serving written notice on the local agency which states that the payment has been made under protest and states the legal basis for the protest.

██ Section 66020, subdivision (d) requires the written protest to be filed either at the time of the approval or conditional approval of the project or within 90 days of the imposition of the protested fees. The timely filing of a written protest is a mandatory prerequisite to any later action to challenge the imposition of the fees, and any such action must be filed within 180 days after the imposition of the fees. "Thereafter, notwithstanding any other law to the contrary, all persons are barred from any action or proceeding or any defense of invalidity or unreasonableness of the imposition." (*Ibid.*) Under section 66020, subdivision (h), the "imposition of fees" occurs when the fees "are imposed or levied on a specific development."

Although we have discovered no California case precisely on point, dicta in two factually similar cases indicate that other courts considered section 66020 to be applicable to suits such as that brought by CRH. In *RRLH, Inc.* v. *Saddleback Valley Unified School Dist.* (1990) 222 Cal.App.3d 1602 [272

---

[5]The limitations period for challengers to school impact fees was first enacted as section 65913.5. (Stats. 1984, ch. 653, § 1, p. 2411.) In 1988, section 65913.5 was renumbered as section 66008. (Stats. 1988, ch. 418, § 4, p. 1787.) In 1990, section 66008 was renumbered as section 66020. (Stats. 1990, ch. 1572, § 22.)

Cal.Rptr. 529], a developer brought a suit for refund of school impact fees it had paid under protest. Like CRH, the developer claimed that its residential project for senior citizens qualified for the lower commercial/industrial fee rather than the residential fee. (*Id.*, at p. 605.) The school district had raised the statute of limitations under former section 66008 as an affirmative defense in its answer; however, the school district failed to assert the defense at trial. The trial court made no factual findings on the defense, and the developer did not raise the limitations issue on appeal. The Court of Appeal noted that even though the issue had been waived for purposes of appeal, it appeared that the developer's suit "was not timely filed." (222 Cal.App.3d at p. 1605, fn. 2.)

In *Balch Enterprises, Inc.* v. *New Haven Unified School Dist.* (1990) 219 Cal.App.3d 783 [268 Cal.Rptr. 543], a developer brought an action for writ of mandate against a school district to vacate a resolution imposing school facilities fees on new commercial and industrial construction and to obtain a refund of fees the school district had imposed on the developer's warehouse construction project. The trial court ruled that the case was subject to the limitations period set forth in section 65913.5 (now § 66020). (219 Cal.App.3d at p. 787.) The appellate court disagreed, noting that until 1989, "section 66008 (formerly § 65913.5) [now § 66020] applied to fees 'imposed on a *residential housing development* by a local agency . . . .' (Italics added.) Since the case at bar concerns a commercial development, it falls outside the scope of the statute." (*Id.*, at p. 788.) The court concluded that because no statute of limitations applied specifically to the developer's action, the matter was therefore governed by Code of Civil Procedure section 343. (219 Cal.App.3d at p. 790.)

CRH's project is a residential project which explicitly falls within the scope of the limitations statute even as it existed when *Balch* was decided. A clear inference from the *Balch* court's reasoning is that the court would have found section 66020 applicable to a case such as CRH's.

The legislative history of section 66020 leads to the same conclusion. In *Trend Homes, Inc.* v. *Central Unified School Dist.* (1990) 220 Cal.App.3d 102 [269 Cal.Rptr. 349], the court noted, "Before the enactment of [former section 65913.5] in 1985, a developer could not challenge the validity of fees imposed on a residential development without halting work on the development. If the developer accepted a building permit and complied with its conditions, he was considered to have waived the right to assert the invalidity of the conditions and to sue the public entity for the costs of complying with them. [Citation.] Section 65913.5 alleviates this problem . . . ." (*Id.*, at p. 111.)

In *North State Development Co., supra*, 220 Cal.App.3d 1418, the court discussed the legislative history of former section 66008, now section 66020: "In its earlier form, section 66008 was added to chapter 4.2 of title 7, division 1, devoted to 'Housing Development Approvals.' (Stats. 1984, ch. 653, § 1, pp. 2411-2412.) That statute together with other statutes concerning procedures for the establishment of and protest against development fees were renumbered and combined in sections 66000 to 66017. Section 66008 established a procedure enabling parties to protest a local agency's imposition of residential development fees. (See Legis. Counsel's Dig., Sen. Bill No. 2136, 4 Stats. 1984 (Reg. Sess.) Summary Dig., p. 222.)[6]" (220 Cal.App.3d at p. 1424.)

Finally, we note that section 66020, subdivision (e) states, "If the court finds in favor of the plaintiff in any action or proceeding brought pursuant to subdivision (d), the court shall direct the local agency to refund the *unlawful portion of the payment*, with interest at the rate of 8 percent per annum, or return the *unlawful portion of the exaction imposed*." (Italics added.) By using this language, the Legislature intended for section 66020 to apply when the developer challenged the rate charged for a specific residential development, not just the legal basis for imposing school impact fees. The language of the statute indicates that the Legislature intended the statute to apply to actions seeking a partial refund of fees paid.

Here, CRH did not comply with the requirements of section 66020, subdivision (d). CRH made its last school impact fee payment on March 26, 1990. However, CRH did not contact the School District regarding the alleged overpayment until November 9, 1990, long after the 90-day period for filing a protest had passed. Moreover, CRH did not file its action until March 20, 1991. Even assuming the 180-day period for filing an action had begun to run on March 26, 1990, that period had lapsed long before CRH filed its petition for writ of mandate. Because CRH failed to comply with section 66020, its action was barred. We conclude the trial court erred in ruling that section 66020 did not apply, because CRH had not protested the "imposition" of school impact fees, but rather had merely claimed that the

---

[6]In a footnote at this point, the court stated, "As the Legislative Counsel's digest of the bill indicated, this law was to remedy the then current situation: 'Existing law does not contain a procedure allowing a party to protest the imposition of any fees, taxes, assessments, dedications, reservations, or other exactions on residential housing developments by local governmental entities. [¶] This bill would permit any party to protest the imposition of those exactions in accordance with a specified procedure; would permit any party who so protests to file an action to attack, review, set aside, void, or annul those impositions; and would specify the effect of the filing of that protest or action upon conditional approvals of residential housing developments.' (*Ibid.*)" (*North State Development Co., supra*, 220 Cal.App.3d at p. 1424, fn. 6.)

School District had "erroneously calculated and improperly collected" the school impact fees. In light of the language of section 66020 and its legislative history, this is a distinction without a difference.

Nonetheless, CRH raises an additional argument for why section 66020 should not be applied in the instant case: CRH asserts the shortened statute of limitations should not apply because the School District's action in collecting the fee was neither lawful nor constitutionally valid. To support this argument, CRH cites *Anza Parking Corp.* v. *City of Burlingame* (1987) 195 Cal.App.3d 855, 862 [241 Cal.Rptr. 175] and *Nollan* v. *California Coastal Comm'n.* (1987) 483 U.S. 825 [97 L.Ed.2d 677, 107 S.Ct. 3141].

In *Anza Parking*, a former lessee of land used for parking purposes brought a mandate proceeding against a city to enforce a conditional use permit the city had issued to the former lessee. The conditional use permit included a nontransferability clause, and the former lessee sought to prevent use of the permit by the new lessee. (*Anza Parking Corp., supra,* 195 Cal.App.3d at p. 857.) The court held that a conditional use permit creates a right that runs with the land rather than attaching to a particular permittee. (*Id.,* at p. 858.) The nontransferability clause was therefore void and beyond the power of the zoning authority to enforce. (*Id.,* at p. 860.)

The former lessee contended, however, that the city's defense of invalidity of the nontransferability condition was barred under section 65907, which required an action testing the validity of a use permit condition to be brought within 90 or 180 days of the permit's issuance. The court rejected the former lessee's argument, explaining that "section 65907 relates to conditions lying within the *discretion* of a city's zoning authority to make, and *not* to matters beyond its *power*, and declared *unlawful.* Surely a void and unlawful, or unconstitutional, use condition will not reasonably be perpetuated for failure of someone to comply with section 65907." (*Anza Parking Corp., supra,* 195 Cal.App.3d at p. 861, italics in original.)

*Anza Parking* does not apply to the situation before us. A school district is authorized under section 53080 to levy a fee against new residential or commercial and industrial construction based on the rates established in section 65995. The Legislature has left it to the school districts to determine whether a particular project is to be assessed at one rate or the other. If a developer disagrees with the school district's determination, section 66020 provides the mechanism for a challenge.

Section 65995.1 provides that senior citizen housing, "as described in Section 51.3 of the Civil Code" would qualify for the lower commercial/

industrial rate. A school district must exercise discretion in determining whether a particular project meets the requirements of Civil Code section 51.3. A dispute over the school district's characterization of a project does not make the school district's act "unlawful" or "unconstitutional" so as to come within *Anza Parking*'s exception to the statute of limitations. This case does not involve a challenge to the reasonableness of the particular rates being assessed, but rather involves the application of those rates to a specific project.[7]

We conclude that section 66020 applies to CRH's action, and the trial court erred in granting judgment in favor of CRH. Therefore, we need not address the School District's contention that the project did not qualify as senior citizen housing under section 65995.1, subdivision (a).

DISPOSITION

The judgment is reversed. Appellant shall recover costs on appeal.

Ramirez, P. J., and McDaniel, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied September 29, 1993.

---

[7]We recognize that CRH has asserted that the higher rate was applied based on a clerical error rather than a specific determination as to the nature of CRH's project. We do not consider this fact to be of significance to our analysis. The timing and procedure for a challenge would be the same regardless of the basis on which the fees were imposed.

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.