Filed 3/22/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| MERKOH ASSOCIATES, LLC, | B265178 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC555533) |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William Highberger, Judge.  Affirmed.

Steve A. Hoffman for Plaintiff and Appellant.

David Holmquist, Gregory L. McNair, Carl J. Piper and Sung Yon Lee for Defendant and Respondent.

\* \* \* \* \* \*

The only issue on appeal is whether Civil Code section 3287 (section 3287), which provides for interest when damages are awarded, applies specifically to interest on a refund for a development fee paid to the Los Angeles Unified School District. We conclude that section 3287 does not apply because Government Code section 66020, subdivision (e) more specifically sets forth the interest available on the development fee refund.

The substance of Government Code section 66020 (section 66020) was enacted in 1984 as part of the Mitigation Fee Act. (*Sterling Park, L.P. v. City of Palo Alto* (2013) 57 Cal.4th 1193, 1200 (*Sterling Park*), citing former Gov. Code, § 66499.37.) "'Prior to the enactment of this statute, a developer could not challenge the validity of fees imposed on a residential development without refusing to pay them. [Citation.] Since payment is a condition of obtaining the building permit, a challenge meant that the developer would be forced to abandon the project. The bill was drafted to correct this situation. It provided a procedure whereby a developer could pay the fees under protest, obtain the building permit, and proceed with the project while pursuing an action to challenge the fees. If the action were successful, the fees would be refunded with interest.'" (*Ibid.*)

Section 66020, subdivision (a) allows any party to protest the imposition of development fees if it followed the procedures set forth in the statute. Section 66020, subdivision (d)(2) provides in pertinent part: "Any party who files a protest pursuant to subdivision (a) may file an action to attack, review, set aside, void, or annul the imposition of the fees, dedications, reservations, or other exactions imposed on a development project by a local agency within 180 days after the delivery of the notice. Thereafter, notwithstanding any other law to the contrary, all persons are barred from any action or proceeding or any defense of invalidity or unreasonableness of the imposition." A successful plaintiff is entitled to a refund of "the unlawful portion of the payment, with interest at the rate of 8 percent per annum." (§ 66020, subd. (e).)

Merkoh Associates, LLC (appellant) sought interest under Civil Code section 3287 (rather than under Gov. Code, § 66020) from the time of its application to Los Angeles Unified School District for a refund to the time of the refund. The trial court

2

correctly concluded that Civil Code section 3287 did not apply and properly sustained the school district's demurrer and dismissed the lawsuit. We affirm.

## FACTS AND PROCEDURE

The relevant facts are undisputed. The City of Los Angeles collects a school district development fee when it issues a building permit. The Los Angeles Unified School District Demolition Credit Guidelines provides: "School District developer fees are charged only for the net increase in square footage. If a structure, is demolished, developers may be eligible for demolition credit in the form of a refund." To obtain a refund following demolition, a developer must apply with the Los Angeles Unified School District within 90 days after the payment of the development fees.

Appellant paid $25,052 in school district development fees to obtain a permit for residential construction at a single family residence on North Fuller Avenue. On July 30, 2013, appellant filed a "request for refund of fees for demolition credit." (Capitalization omitted.) Appellant provided verification of the demolition of the preexisting single family residence. On March 26, 2014, appellant wrote respondent indicating that eight months had elapsed since its refund request and again requested the school district promptly issue the refund. On April 16, 2014, the school district issued a refund in the amount of $8,852. The refund did not include interest.

On August 21, 2014, appellant filed a complaint on its behalf and on behalf of persons similarly situated alleging causes of action for money had and received and declaratory relief. Appellant sought class action status. Appellant alleged that the Los Angeles Unified School District (sometimes referred to as the school district) wrongfully withheld the refund for over eight months and refused to pay interest. Appellant alleged that interest in the amount of $632.98 was due under section 3287. Section 3287, subdivision (a) provides: "(a) A person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day, except when the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor,

3

including the state or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

The school district demurred to the complaint.

The court concluded that "Civil Code section 3287 cannot be the basis for interest on the refund of developer fees. Plaintiffs' claim for interest is time-barred pursuant to Government Code § 66020." (Italics omitted.) The court sustained the demurrer without leave to amend. Judgment was entered against appellant. This appeal followed.

## DISCUSSION

A school district is entitled to levy fees on new residential construction. (*California Ranch Homes Development Co. v. San Jacinto Unified School Dist.* (1993) 17 Cal.App.4th 573, 576 (*California Ranch Homes Development*); Ed. Code, § 17620, subd. (a).) Section 66020 applies to partial refunds of fees paid, such as the refund sought by appellant. (*California Ranch Homes Development, supra*, at p. 579.) Section 66020 "provides the *exclusive* method for challenging a school impact fee." (*California Ranch Homes Development, supra*, at p. 577, italics added.)

Section 66020, subdivision (e) "concerns remedies for a prevailing plaintiff." (*Sterling Park, supra*, 57 Cal.4th at p. 1208.) It provides: "If the court finds in favor of the plaintiff in any action or proceeding brought pursuant to subdivision (d), the court shall direct the local agency to refund the unlawful portion of the payment, *with interest at the rate of 8 percent per annum*, or return the unlawful portion of the exaction imposed." (§ 66020, subd. (e), italics added.) Because this special statute expressly provides for interest in this context it "'"controls and takes priority over a general statute."'" (*Sterling Park, supra*, at p. 1200.)

None of the authority appellant cites requires a different result. For example, *Macy's Dept. Stores, Inc. v. City and County of San Francisco* (2006) 143 Cal.App.4th 1444, 1459, distinguished the interest available generally under Civil Code section 3287 for a tax refund from interest available under Revenue and Taxation Code section 5151 for the specific refund on property purchased by a public entity. It does not hold that Civil Code section 3287 applies where a more specific statute is present. Other cases

4

holding that a*bsent* a specific statute the general statue under section 3287 applies similarly do not assist appellant.  (See, e.g., *Collins v. City of Los Angeles* (2012) 205 Cal.App.4th 140 (*Collins*).)  In *Aguilar v. Unemployment Ins. Appeals Bd.* (1990) 223 Cal.App.3d 239, the court held that although the Legislature did not specifically mention interest, a successful plaintiff may be able to recover it under Civil Code section 3287. (*Aguilar, supra*, at p. 242.)  In contrast here, in the context of the development fee levied against appellant, the Legislature specifically set forth an interest provision and the method for obtaining it.

Finally, appellant's argument that its challenge was not "an action to attack, review, set aside, void, or annul the imposition of the fees" lacks merit because appellant was required to attack the imposition of fees to obtain a refund, and the refund was the only basis for interest.  (Boldface and underscoring omitted.)  Appellant's statement that they were "not challenging" the imposed fees means that they were not entitled to the refund received solely as a result of their challenge.  Absent the partial refund, interest would be unavailable under any statute.  (See, e.g., *Collins, supra*, 205 Cal.App.4th at pp. 150-151 [prejudgment interest under § 3287 is based on calculable damages]; § 3287, subd. (a) [interest flows from damages certain or capable of being made certain].)

It is now too late to follow the procedures to obtain interest, and the trial court therefore properly sustained the demurrer without leave to amend.  Appellant was required to follow the procedure in section 66020 to obtain interest under section 66020, subdivision (e).  Appellant cannot show that it followed the procedure in section 66020 for attacking the fee as it did not file an action within the specified limitation period. "The timely filing of a written protest is a mandatory prerequisite to any later action to challenge the imposition of the fees, and any such action must be filed within 180 days after the imposition of the fees."  (*California Ranch Homes Development, supra*, 17 Cal.App.4th at p. 577.)

5

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to costs on appeal.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.

6