Filed 4/22/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| FRANK FLETHEZ,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>SAN BERNARDINO COUNTY<br>EMPLOYEES RETIREMENT<br>ASSOCIATION,<br><br>     Defendant and Appellant. | D066959<br><br><br><br>(Super. Ct. No. CIVDS1212542) |

APPEAL from a judgment of the Superior Court of San Bernardino County, David Cohn, Judge. Affirmed in part; reversed in part and remanded for further proceedings.

Arias & Lockwood and Christopher D. Lockwood for Defendant and Appellant.

Faunce, Singer & Oatman, Mark Ellis Singer and Edward L. Faunce for Plaintiff and Respondent.

On February 1, 2000, following his last day of work as an employee of San Bernardino County (County), Frank Flethez underwent surgery for a work-related spinal injury he suffered in 1998. In 2008, he filed an application with the San Bernardino County Employees Retirement Association (SBCERA) for work-related disability

retirements benefits.  SBCERA granted his request for disability benefits, beginning as of 2008, but did not grant him retroactive benefits for the period before the date of his application.  Flethez filed a petition for writ of mandamus seeking retroactive disability retirement benefits beginning July 15, 2000.  The trial court issued a judgment granting his petition and awarding him Civil Code section 3287, subdivision (a),[1] (§ 3287(a)) prejudgment interest on the retroactive benefits to which the judgment provided he was entitled.  On appeal, SBCERA contends the trial court erred by awarding Flethez section 3287(a) prejudgment interest on his retroactive benefits beginning July 15, 2000, because SBCERA could not have granted those benefits until he filed an application for disability retirement and submitted evidence showing his entitlement to those benefits in 2008.  Based on our interpretation of section 3287(a) and consideration of relevant case law and the facts in this case as discussed below, we conclude the trial court erred by awarding Flethez prejudgment interest on his retroactive disability benefits before payments of those benefits were due and before his right to recover those payments became vested under section 3287(a).

FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Flethez became an employee of County.  He worked as an equipment operator from 1991 until 2000.  In 1998, he was injured while performing his job duties.  After his last day of work on January 28, 2000, he underwent spinal surgery for that 1998

---

[1]     All statutory references are to the Civil Code unless otherwise specified.

2

injury. He underwent additional surgeries in 2001 and 2002 and received physical therapy through 2004.

On June 12, 2008, Flethez filed an application with SBCERA for disability retirements benefits, but it was rejected for omission of a signed medical records authorization. On July 16, 2009, he filed a complete application, including a signed medical records authorization and a supporting physician's report. On August 5, 2010, based on its staff's recommendation, SBCERA granted Flethez's application for disability retirement benefits, effective as of the date of his initial application in 2008. Flethez requested a formal administrative hearing limited to the issue of the appropriate starting date for his retirement benefits. On December 15, 2011, the administrative hearing was held and the hearing officer subsequently issued proposed findings of fact, conclusions of law, and a recommended decision. On October 4, 2012, SBCERA adopted the hearing officer's proposed decision and maintained the effective date of June 12, 2008, for the beginning of Flethez's disability retirement benefits.

Flethez filed the instant petition for writ of mandamus pursuant to Code of Civil Procedure section 1094.5, seeking a writ ordering SBCERA to set aside its decision and grant him service-connected disability retirement benefits effective as of July 15, 2000, with interest at the legal rate on all retroactive amounts. On November 21, 2013, the trial court entered a judgment granting Flethez's petition, stating that a peremptory writ of mandate had been issued by the court commanding SBCERA to grant him service-connected disability retirement benefits retroactive to July 15, 2000, the day after the last day he received regular compensation pursuant to Government Code section 31724. The

3

judgment also ordered "payment of interest at the legal rate on all retroactive amounts. Those interest payments total $132,865.37." SBCERA timely filed a notice of appeal "limited to the issue of interest."

DISCUSSION

I

*Standard of Review*

The interpretation of a statute is a question of law that an appellate court determines de novo independently of the trial court's interpretation. (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 531; *Riehl v. Hauck* (2014) 224 Cal.App.4th 695, 699.) Furthermore, the application of a statute to undisputed facts is also reviewed de novo. (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191; *Cuiellette v. City of Los Angeles* (2011) 194 Cal.App.4th 757, 765.)

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] 'In determining intent, we look first to the language of the statute, giving effect to its "plain meaning." ' [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.)

4

II

*Disability Retirement Benefits for County Employees under CERL*

The retirement benefits for county employees are generally set forth in the County Employees Retirement Law of 1937 (Gov. Code, §§ 31450 et seq.) (CERL). County employees may be entitled to disability retirement benefits regardless of their age if they have become permanently incapacitated as a result of injury or disease substantially arising out of and in the course of their employment. (Gov. Code, §§ 31720, 31720.1.)

To obtain disability retirement benefits, a county employee (or his or her employer, the retirement board, or another person on his or her behalf) must file an application for disability retirement benefits. (Gov. Code, § 31721, subd. (a) ["A member may be retired for disability upon the application of the member . . . ."].) An application for disability retirement benefits "shall be made while the member [i.e., employee who is part of a county retirement system] is in service, within four months after his or her discontinuance of service, within four months after the expiration of any period during which a presumption is extended beyond his or her discontinuance of service, or while, from the date of discontinuance of service to the time of the application, he or she is continuously physically or mentally incapacitated to perform his or her duties." (Gov. Code, § 31722.) The county retirement board [e.g., SBCERA] "may require such proof, including a medical examination at the expense of the member, as it deems necessary or the board upon its own motion may order a medical examination to determine the existence of the disability." (Gov. Code, § 31723.)

Importantly for this case, Government Code section 31724 provides:

5

"If the proof received, including any medical examination, shows to the satisfaction of the board that the member is permanently incapacitated physically or mentally for the performance of his [or her] duties in the service, it shall retire him [or her] effective on the expiration date of any leave of absence with compensation to which he [or she] shall become entitled . . . or effective on the occasion of the member's consent to retirement prior to the expiration of such leave of absence with compensation.  His [or her] *disability retirement allowance shall be effective as of the date such application is filed with the board*, but not earlier than the day following the last day for which he [or she] received regular compensation. . . .

"*When it has been demonstrated to the satisfaction of the board that the filing of the member's application was delayed* by administrative oversight or *by inability to ascertain the permanency of the member's incapacity until after the date following the day for which the member last received regular compensation, such date will be deemed to be the date the application was filed*."  (Italics added.)

The retirement board shall determine whether the member is permanently incapacitated for the performance of his or her job duties.  (Gov. Code, § 31725.)  The burden of proof is on the member applying for disability retirement benefits to show he or she is permanently incapacitated as a result of performing his or her job duties.  (*Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 46; *Glover v. Board of Retirement* (1989) 214 Cal.App.3d 1327, 1337; *Harmon v. Board of Retirement* (1976) 62 Cal.App.3d 689, 691.)

"Board members 'are entrusted by statute with the exclusive authority to determine the factual issues whether a member is permanently incapacitated for duty [citation] and whether the disability is service connected [citation].'  [Citation.]  The Board is therefore required to administer the retirement system 'in a manner to best provide benefits to the participants of the plan.'  [Citations.]  It cannot fulfill this mandate unless it investigates

6

applications and pays benefits only to those members who are eligible for them.

[Citations.] . . . [¶] . . . The Board, not the employer, has the constitutional and statutory

duty to manage the retirement fund and to determine whether the fund is obligated to pay

benefits to any particular applicant." (*McIntyre v. Santa Barbara County Employees'*

*Retirement System* (2001) 91 Cal.App.4th 730, 734-735.)

III

*Prejudgment Interest on Flethez's Retroactive Disability Retirement Benefit*

SBCERA contends the trial court erred by awarding Flethez section 3287(a)

prejudgment interest from July 15, 2000, on his retroactive disability retirement benefits

because SBCERA could not have granted those benefits until he filed an application for

disability retirement and submitted evidence showing his entitlement to those benefits.  It

asserts prejudgment interest could not apply to retroactive benefits before payments of

those benefits were due and before Flethez's right to recover those payments became

vested under section 3287(a), which SBCERA contends did not occur until December 15,

2011, the date of the administrative hearing at which disability benefits to Flethez were

denied.

A

Section 3287(a) provides:

> "A person who is *entitled to recover damages certain*, or capable of
> being made certain by calculation, *and the right to recover which is
> vested in the person upon a particular day*, *is entitled also to recover
> interest thereon from that day*, except when the debtor is prevented
> by law, or by the act of the creditor from paying the debt. . . ."
> (Italics added.)

7

"There is scant pertinent legislative history, but [section 3287(a)'s] meaning is clear. Section 3287(a) allows parties to recover prejudgment interest in damage actions based on a general underlying monetary obligation, including the obligation of a governmental entity determined by way of mandamus." (*American Federation of Labor v. Unemployment Ins. Appeals Bd.* (1996) 13 Cal.4th 1017, 1030 (*AFL*).)

In the context of employees' salary and benefits, "[a]mounts recoverable as *wrongfully withheld payments of* salary or *pensions* are damages within the meaning of [section 3287(a)]. [Citations.] *Interest is recoverable on each* salary or *pension payment from the date it fell due*." (*Olson v. Cory* (1983) 35 Cal.3d 390, 402, italics added.) "[P]ursuant to [section 3287(a)], courts have awarded prejudgment interest on a trial court judgment following a successful administrative mandamus action to recover *wrongfully withheld* benefits. [Citations.] Interest may be awarded in the mandamus action because the requirements for the additional award of interest are met once the court determines the Board wrongfully denied benefits." (*AFL, supra,* 13 Cal.4th at p. 1022.)

"[T]o recover section 3287(a) interest in the mandamus action, the claimant must show: (1) an underlying monetary obligation, (2) damages which are certain or capable of being made certain by calculation, and (3) a right to recovery that vests on a particular day. [Citation.] The rationale for the mandamus interest award is that a claimant who is wrongfully denied unemployment insurance [or other] benefits by the Board must receive compensation for the egregious *delay* in receiving benefits caused by the necessity of filing a mandamus action challenging the Board's denial." (*AFL*, *supra*, 13 Cal.4th at

8

p. 1022.)  In the context of unemployment benefits, the California Supreme Court in *AFL* reasoned that the Employment Development Department (EDD) "has no underlying monetary obligation to the claimant until it determines the claimant is eligible for the benefits.  [Citation.]  Once eligibility has been determined, *the right to receive benefits vests on the first day of the claimant's entitlement, and the EDD must promptly pay benefits due*, regardless of any appeal taken.  [Citations.]  Hence, *a 'wrongful withholding' of benefits, and the corresponding delay in receiving benefits, cannot have legal significance entitling the claimant to prejudgment interest until the Board makes its final decision that the claimant is not entitled to the benefits*."  (*Id*. at p. 1023, italics added.)  *AFL* alternatively explained: "*Benefits . . . are due promptly only after a claimant has established benefit eligibility*.  [Citation.] . . .  The delays inherent in this system [for determining eligibility for unemployment benefits] are not, however, tantamount to a 'wrongful withholding' of benefits giving rise to a right to section 3287(a) prejudgment interest . . . ."  (*Id*. at p. 1026, italics added.)  However, if the EDD denies eligibility, the employee may file a petition for writ of administrative mandate in the trial court.  (*Ibid*.)  If the court then exercises its independent judgment and finds the EDD "has *wrongfully withheld* benefits, 'a claimant has met all requirements of the act, and all contingencies have taken place under its terms, [the claimant] then has a statutory right to a fixed or definitely ascertainable sum of money.  [Citations.]'  [Citation.]  At this point, the claimant has met the requirements of section 3287(a), and may seek prejudgment interest on the mandamus judgment for the delay caused by the [EDD] Board's wrongful

9

denial of benefits."[2] (*AFL, supra,* 13 Cal.4th at p. 1027; cf. *Currie v. Workers' Comp. Appeals Bd.* (2001) 24 Cal.4th 1109, 1118-1119 [§ 3287(a) prejudgment interest must be awarded by WCAB on retroactive wages from the date employee should have been reinstated and paid those wages for employer's violation of Lab. Code, § 132a].) In *San Diego County Deputy Sheriffs Assn. v. San Diego County Civil Service Com.* (1998) 68 Cal.App.4th 1084, 1094, we observed: "The central theme of *AFL* . . . is that [prejudgment] interest is not available absent an agency decision or action which has resulted in *wrongful withholding of, and corresponding delay in receiving, benefits* to which the claimant is entitled." (Italics added.)

In *Tripp v. Swoap* (1976) 17 Cal.3d 671 (*Tripp*), the California Supreme Court held that if the Director of the former Department of Social Welfare wrongfully denies a claimant's application for welfare disability benefits, the claimant may file a petition for writ of administrative mandamus for an order directing the Director to pay the claimant benefits retroactively from the date of his or her application. (*Id.* at pp. 675-676.) In the circumstances of that case, *Tripp* concluded "the effective date of [the claimant's] entitlement to benefits" was the "first day of the month following the date of application [for benefits]." (*Id.* at p. 678.) Citing section 3287(a)'s language, *Tripp* stated: "[F]or purposes of ordering retroactive payments, the right to receive benefits vests in the

---

[2] *AFL* concluded that because "only a court may award prejudgment interest on its judgment following a mandamus action to recover benefits wrongfully withheld by Board," administrative law judges do not have statutory authority to award interest on awards of retroactive unemployment insurance benefit payments. (*AFL*, *supra*, 13 Cal.4th at p. 1043.)

recipient on the first date of his [or her] entitlement." (*Tripp*, at p. 683.) *Tripp* concluded the claimant was entitled to prejudgment interest on benefits wrongfully withheld from the claimant based on section 3287(a)'s language and the delay caused by the claimant's need to vindicate his or her entitlement to benefits. (*Id*. at pp. 683, 685.) The court held: "[W]here a recipient of welfare benefits is adjudged entitled to retroactive payment of benefits pursuant to the statutory obligation of the state, such recipient is entitled to an award of prejudgment interest at the legal rate *from the time each payment becomes due*." (*Id*. at p. 685, italics added.) Interpreting *Tripp*, *AFL* subsequently stated that *Tripp* held "interest awarded in mandamus actions *vests on the date the claimant was entitled to receive payment* of unemployment insurance [benefits]." (*AFL*, *supra*, 13 Cal.4th at p. 1034, italics added.)

In *Weber v. Board of Retirement* (1998) 62 Cal.App.4th 1440 (*Weber*), the court addressed the question of whether administrative agencies (e.g., retirement boards) have the authority "to award interest on benefits which have *not been denied*, but . . . represent the period before the Board made the eligibility determination, and . . . are designed to bring the disbursements current." (*Id*. at p. 1445.) *Weber* stated: "*The event which triggers retirement and the right to allowance payments is the disability determination by the Board*. *Until that time*, the member is not retired, and [the retirement system] has *no monetary obligation to that member*." (*Id*. at p. 1448, italics added.) "[O]nce disability is demonstrated to the Board's satisfaction, the member's right to receive benefits vests retroactively to the date the application was filed." (*Id*. at p. 1449.) Alternatively stated, "[Government Code section 31724] provides that once the eligibility determination is

11

made, the right to benefits vests immediately, effective retroactively." (*Id*. at p. 1451.)

*Weber* explained:

> "[T]he member seeking [disability retirement] benefits must apply [citation], and carries the burden [citation] of demonstrating, to the Board's satisfaction [citation], his or her eligibility for the benefits. [Citation.] *Until the member makes the necessary showing of eligibility, his or her right is merely inchoate*." (*Weber*, *supra*, 62 Cal.App.4th at p. 1451, italics added.)

*Weber* concluded neither the CERL nor section 3287(a) authorized an administrative award of prejudgment interest. (*Weber*, *supra*, at p. 1452.)

In *Austin v. Board of Retirement* (1989) 209 Cal.App.3d 1528 (*Austin*), the court addressed the question of whether the trial court erred by finding an employee was entitled to interest from the last day of service on the retroactive portion of his award of disability retirement benefits. (*Id*. at pp. 1530-1531.) In that case, the employee applied for disability retirement benefits in 1985, which application was initially denied, and, following an administrative hearing, the retirement board denied his application in 1987 on finding he was not disabled. (*Id*. at p. 1531.) In 1988, the trial court granted the employee's petition for writ of mandate and issued a writ directing the retirement board to grant him disability retirement benefits retroactive to his last day of service with interest at the legal rate on the amount of the pension that was retroactive (i.e., presumably for payments for the period from 1985 through 1988). (*Ibid*.) *Austin* initially concluded the statutory scheme governing disability pension benefits did not preclude recovery of section 3287(a) interest on "damages awarded as prejudgment benefits *from the date such benefits became due*." (*Austin,* at p. 1533, italics added.) The court stated: " '[Section

12

3287(a)] requires vesting, however, only in order to fix with sufficient certainty the time when the obligation accrues so that *interest should not be awarded on an amount before it is due*.' " (*Id.* at p. 1533, quoting *Mass v. Board of Education* (1964) 61 Cal.2d 612, 625, italics added.) Accordingly, *Austin* rejected the retirement board's argument that section 3287(a) interest could not accrue on the amount of retroactive benefits for the period prior to its completion of the administrative process in deciding the employee's application. (*Austin,* at pp. 1532-1534.) The court reasoned: "If [the employee] had not been wrongfully denied disability retirement benefits, he would have obtained the benefits of the moneys paid as of the date of accrual of each payment." (*Id*. at p. 1534.) Therefore, *Austin* affirmed the judgment awarding the employee section 3287(a) prejudgment interest. (*Austin,* at p. 1536.)

B

Based on our interpretation of the language of section 3287(a) and that statute's apparent underlying legislative intent, we conclude an award of section 3287(a) prejudgment interest cannot, and should not, be made for retroactive disability retirement benefit payments for the period prior to the date those payments became due. Section 3287(a) provides: "A person who is *entitled to recover damages certain*, or capable of being made certain by calculation, *and the right to recover which is vested in the person upon a particular day*, is entitled also to recover interest thereon from that day . . . ." (Italics added.) Paraphrasing that statute, we conclude, in the context of disability retirement benefits, a retiring member is entitled to recover section 3287(a) prejudgment interest on a court award of disability retirement benefits from the day on which his or

13

her right to recover those benefit payments became vested. However, it is important to distinguish between the retroactive date from which benefits are awarded and the date on which the retiring member becomes entitled to recover those retroactive benefit payments. It is not until the retiring member establishes his or her entitlement to retroactive benefit payments that the right to such payments becomes vested. Prior to such proof, the retiring member's right to such retroactive benefit payments is merely inchoate. (*Weber*, *supra*, 62 Cal.App.4th at p. 1451.) Furthermore, until the retiring member proves his or her right to recover retroactive disability retirement payments, there is *no underlying monetary obligation* (i.e., damages) on which to award section 3287(a) prejudgment interest. (Cf. *AFL*, *supra*, 13 Cal.4th at p. 1023.) It is only on the date that a retiring member proves entitlement to retroactive benefit payments that those payments become due and the right to recover those payments becomes vested within the meaning of section 3287(a). (*Olson v. Cory*, *supra*, 35 Cal.3d at p. 402 [regarding salary and pension payments]; *Weber*, at p. 1451 [regarding disability retirement benefits]; cf. *AFL*, at pp. 1023, 1026 [regarding unemployment benefits]; *Tripp*, *supra*, 17 Cal.3d at pp. 683, 685 [regarding welfare disability benefits]; *Mass v. Board of Education*, *supra*, 61 Cal.2d at p. 625 [§ 3287(a) interest should not be awarded on an amount before it is due].)

In the context of disability retirement benefits under the CERL, a retiring member generally is not entitled to payment of disability retirement benefits until such time he or she files an application for such benefits. (Gov. Code, § 31721, subd. (a) ["A member may be retired for disability upon the application of the member . . . ."].) Furthermore,

14

the burden of proof is on the retiring member to show he or she is permanently incapacitated and that such incapacity substantially was the result of performing his or her job duties. (Gov. Code, §§ 31723, 31725; *Masters v. San Bernardino County Employees Retirement Assn.*, *supra*, 32 Cal.App.4th at p. 46; *Glover v. Board of Retirement*, *supra*, 214 Cal.App.3d at p. 1337; *Harmon v. Board of Retirement*, *supra*, 62 Cal.App.3d at p. 691.) The retirement board has the constitutional and statutory duty to manage the retirement fund and, in so doing, to determine whether the fund is obligated to pay benefits to any particular applicant. (*McIntyre v. Santa Barbara County Employees' Retirement System*, *supra*, 91 Cal.App.4th at pp. 734-735.) Until such time as the retiring member submits an application for disability retirement benefits and submits proof that he or she is permanently incapacitated substantially as a result of performing his or her job duties, the retirement board has no obligation to pay such benefits to that member. Therefore, a retiring member has no "vested" right to recover disability retirement benefit payments, whether retroactive or prospective, and thus no "damages," or underlying monetary obligation, within the meaning of section 3287(a) until such time as he or she files an application for such benefit payments and proves entitlement thereto. It is only on that particular day section 3287(a) interest begins to accrue on benefit payments that are then due.

Our interpretation of section 3287(a) in this context is supported by its apparent underlying legislative intent, implicitly recognized by the California Supreme Court. In both *Tripp* and *AFL*, the court explained section 3287(a) prejudgment interest was intended to compensate the claimant for the *delay* in receiving payment of benefits

15

caused by the *wrongful* denial or withholding of those benefits. (*Tripp*, *supra*, 17 Cal.3d at pp. 683, 685; *AFL*, *supra*, 13 Cal.4th at pp. 1022-1023, 1027.) The California Supreme Court stated: "The rationale for the [section 3287(a)] mandamus interest award is that a claimant who is wrongfully denied unemployment insurance [or other] benefits by the Board must receive compensation for the egregious *delay* in receiving benefits caused by the necessity of filing a mandamus action challenging the Board's denial." (*AFL*, at p. 1022.) Absent any wrongful denial or wrongful withholding of benefits and the delay in receiving benefit payments caused thereby (e.g., by requiring the retiring member to file a petition for writ of mandate to obtain such benefit payments), there is no justification for an award of section 3287(a) prejudgment interest. Until such time a retiring member has filed an application for disability retirement benefits and proves entitlement thereto, the retirement board has neither wrongfully withheld payment of those benefits nor caused any delay in the member's receipt of those payments and therefore no section 3287(a) prejudgment interest should accrue on any retroactive benefits ultimately awarded to the member attributable to the time period before that application and proof.

C

Applying our interpretation of section 3287(a) to the undisputed facts in this case, we conclude, as SBCERA asserts, the trial court erred by awarding Flethez section 3287(a) prejudgment interest on those retroactive disability benefit payments attributable to the period before he filed his application for, and proved his entitlement to, the disability benefits. To the extent *Austin*, *supra*, 209 Cal.App.3d 1528, held to the

16

contrary as Flethez asserts, we disagree with, and decline to follow, its holding.[3]

Although the trial court in this case properly found, and SBCERA does not contest on appeal, Flethez was entitled to retroactive disability retirement benefits from the day following the last day he received regular compensation (i.e., July 15, 2000), it erred by awarding him section 3287(a) interest on those retroactive benefit payments attributable to the period from July 15, 2000, through the time he applied for, and proved his right to receive, such payments.[4] However, based on the record on appeal, we cannot conclude with certainty on what date Flethez, in fact, established his right to receive retroactive disability retirement benefit payments pursuant to Government Code section 31724. SBCERA asserts that date was December 15, 2011, the date of the administrative hearing. However, the parties' briefing and evidence in the record cited on that issue is insufficient for us to make that factual finding on appeal. On remand the court is directed to conduct further proceedings to determine that question of fact and then award Flethez the appropriate amount of section 3287(a) prejudgment interest from that date.

---

[3] It is not clear from the opinion in *Austin* when the retiring member filed his application for, and proved his entitlement to, disability retirement benefits. If, in fact, his last day of service was on or after June 11, 1985, and he met his burden to prove his right to benefits on the date he filed his application (i.e., June 11, 1985), then the result in *Austin* is entirely consistent with our interpretation. (*Austin*, *supra*, 209 Cal.App.3d at pp. 1530-1531, 1536.)

[4] In resolving this appeal on this ground, we need not, and do not, address SBCERA's alternative contention that section 3287(a) prejudgment interest does not accrue during such time as Flethez's acts, or inactions (i.e., his prolonged delay in filing his application and proving his entitlement to benefits), "prevented" it from paying his retroactive disability retirement payments, or its "debt," within the meaning of section 3287(a).

17

## DISPOSITION

The judgment is reversed to the extent it awarded Flethez section 3287(a) prejudgment interest on all retroactive disability retirement benefits. In all other respects, the judgment is affirmed. The matter is remanded for further proceedings consistent with this opinion. The parties shall bear their own costs on appeal.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

McINTYRE, J.

18